CHARLES F. IMBRIE AND ANDREW CLERK v. GEORGE C. WETHERBEE & CO. (A CORPORATION).

*Sale—Quality of fish-poles—Rejection by vendee—Judicial notice— Evidence.*

1. The court cannot take judicial notice that Calcutta fish-poles are perishable property, or that they would undergo a change of condition either for better or worse in nine months.

2. Where a shipment of Calcutta fish-poles was rejected by the vendee on inspection, and the vendors notified thereof, with the reason for such rejection, in the absence of testimony that there was, or would naturally be, any change in the condition of the poles nine months later, evidence of such condition at the *later* date is admissible to show their condition at time of rejection.

3. In a suit to recover the purchase price of Calcutta fish-poles rejected by the vendee as defective, it is not error to permit the defendant to exhibit some of the poles to the jury, nor to permit witnesses to state how such poles compared with others they had seen in the original packages, samples of which were exhibited in connection with said testimony, as tending to show that the poles in suit were not No. 1 Calcutta fish-poles.

Error to Wayne. (Jennison, J.) Argued April 18 and 19, 1888. Decided April 27, 1888.

*Assumpsit.* Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Morgan E. Dowling,* for appellants.

*John W. McGrath,* for defendant.

[The briefs of counsel are confined to a discussion of the points stated in the opinion, no authorities being cited.— REPORTER.]

CHAMPLIN, J. In January, 1886, the plaintiffs, through

George C. Hcmenway, their traveling salesman, sold 500 Calcutta fishing poles to the defendant at 18 cents apiece, the same to be delivered in Detroit, March 15, 1886.

The plaintiffs were New York merchants, and the poles arrived at Detroit in due season, but were rejected by defendant on the ground that they were powder-posted, worm-eaten, unmerchantable, and worthless.

The plaintiffs brought action to recover the price before a justice of the peace. The defendant pleaded the general issue, offset, and recoupment, and recovered a judgment for $5.22 and costs. Plaintiffs appealed to the circuit court, and a trial there resulted in another verdict and judgment for defendant for $12.51.

The plaintiffs' theory was, and they gave evidence tending to prove, that the order given by defendant at Detroit, Mich., was for 500 Calcutta fish-poles, in original packages, at 18 cents each, at defendant's risk as to quality; that at the time the order was given the salesman told defendant that the price in original packages would be 18 cents, defendant taking the risk as to quality, or 50 per cent. in advance if defendant wanted selected poles; that Calcutta poles were either sold in the original packages as they came from India, or they were selected, and if selected the price was 50 per cent. higher than if sold in the original packages.

On the other hand, defendant's theory was, and it gave testimony tending to prove, that it ordered 500 Calcutta poles at 18 cents apiece, 17 to 21 feet long, all No. 1 poles, to be shipped on March 15, unless otherwise directed ; that defendant had no opportunity to examine the poles until their arrival at Detroit, and it denied that the order was given for poles in original packages, or that the defendant bought at its own risk as to quality.

The plaintiffs offered no testimony tending to show that the poles were merchantable on arrival, and no testimony

tending to show that the poles were in a worse condition in January, 1887, than they were in March, 1886.

The defendant introduced evidence tending to prove that it made three different examinations of the poles,—the first time immediately after their arrival in Detroit, the second time ten days thereafter, and the last time in January, 1887, about nine months after their arrival; and it offered testimony, which was received against plaintiffs' objection, of the condition and quality of the goods at each of these times.

The plaintiffs assign error upon the admission of the testimony showing the condition of the poles on the second and third examinations. The testimony was admissible. There was no evidence introduced showing that the condition of the poles had changed from that which they were in at the time of their arrival in Detroit. The court cannot take judicial notice that Calcutta fish-poles are perishable property, or that they would undergo a change of condition either for the better or worse in nine months. They were rejected immediately on inspection when they first arrived in Detroit, and the plaintiffs notified thereof, and the reason for such rejection. In the absence of testimony that there was, or would naturally be, any change in their condition nine months later, it was not error to admit testimony of their condition at the latter date as evidence of their condition at the time they arrived at Detroit.

Some of the poles were produced and exhibited to the jury. There was no error in permitting this to be done. Witnesses were permitted to state how these poles compared with others that they had seen in the original packages, and samples of poles taken from the original packages other than these of plaintiffs, were exhibited to the jury in connection with such testimony. This was not error. The object of the testimony was to show that the poles in question were not No. 1 Calcutta fish-poles, and the testimony was admissible for that purpose.

The testimony admitted of the price of poles during the year 1887 as compared with that of 1886 was harmless error. It showed there was no material difference in the price. We cannot see how such testimony could possibly harm the plaintiffs' case.

We have now noticed all of the errors assigned, and find no rulings prejudicial to plaintiffs, and therefore the judgment will be affirmed, with costs of both courts.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred. CAMPBELL, J., did not sit.