## Case No. 13,256.

SPRATLEY v. HARTFORD INS. CO.

[1 Dill. 392.] [1]

Circuit Court, D. Kansas. 1871.

PARTIES—ASSIGNMENT—INSURANCE—FIRE—PROOF OF LOSS—CONSTRUCTION, OF POLICY.

1. An order on an insurance company, given by the assured, after the loss, to a creditor, directing the company to pay such creditor the whole amount due under the policy, makes the person receiving such order the assignee of the cause of action and the real party in interest.

[Cited in Board of Com'rs of Bartholomew Co. v. Jameson, 86 Ind. 165.]

2. On a plea that the proofs were not furnished as required by an insurance policy, plaintiff may show that partially defective proofs were accepted by the company, such acceptance being inferred from failure of the company to object to the same.

3. A policy describing "blacksmith and carriage makers' stock, manufactured and in process of manufacture," embraces unmanufactured or raw stock of the kind mentioned.

This is an action at law on a fire insurance policy.

Mr. McCahon and Mr. Fenlon, for plaintiff.

Mr. Wheat, for defendant.

Before DILLON, Circuit Judge, and DELAHAY, District Judge.

DILLON, Circuit Judge. The court rules the following points:

1. Parties. — Real Parties in Interest. Where a statute of the state, applicable by express adoption to the practice in the federal court sitting therein, requires that actions shall be brought by "the real party in interest," an order on an insurance company, given by the assured to a creditor of his, after the loss, directing the company to pay such creditor the whole amount due under the policy, makes the person receiving such order an assignee of the cause of action, and entitles him, under the statute above mentioned, to sue on the policy, for the loss, in his own name. Distinguished

from Thompson v. Railroad Co., 6 Wall. [73 U. S.] 134.

2. Acceptance of Defective Proofs of Loss. Where, in an action on an insurance policy, issue is taken upon a plea setting up that the proofs of loss were not furnished, as required by the policy, the plaintiff may show that proofs, in some respects defective, were accepted by the company as sufficient, and such acceptance may be inferred from the failure of the company to object to the proofs, and its placing its refusal to pay upon other grounds.

3. Construction of Policy as to Property Covered by It. A policy describing the property insured as "blacksmith and carriage makers' stock, manufactured and in process of manufacture, contained in a certain building," embraces unmanufactured or raw stock of the kind mentioned in the policy.