McFARLAND, J., DE HAVEN, J., FITZGERALD, J.

---

[No. 15565.    Department One.—December 7, 1894.]

JOHN HALSEY JORY, RESPONDENT, v. SUPREME COUNCIL AMERICAN LEGION OF HONOR, ETC., ET AL., DEFENDANTS, HARRIET M. S. JORY, APPELLANT.

MUTUAL BENEFIT SOCIETY — CHANGE OF BENEFICIARY — REFUSAL OF FORMER BENEFICIARY TO SURRENDER CERTIFICATE.— A beneficiary certificate, issued by a mutual benefit society, was taken out by a mother who was a member of the society, and made payable upon her death to her daughter, or to any other member of her family whom she might thereafter in her lifetime designate, the by-laws of the society providing that members might, at any time when in good standing, surrender their benefit certificates, and have new ones issued, payable to such beneficiary dependent upon them as they may direct, subject to certain other provisions; and the mother, subsequently desiring to substitute her son for her daughter as beneficiary, attempted to secure control of the original certificate, in the keeping of her daughter, in order to surrender the same, which the daughter refused to permit, and kept and concealed the same until after her mother's death.   The mother being unable to secure and surrender the original certificate, regularly took all the other steps required by the laws of the order to change the beneficiary, and accompanied her application with an affidavit stating why the original certificate was not surrendered, and stating that she made her son her sole beneficiary under the certificate, whereupon the society refused to issue the new certificate upon the ground that the original was not lost or destroyed, and had not been surrendered, but, after the death of the mother, paid the money into court, being satisfied with the court's adjudication as to whom it belonged.   *Held*, that whatever right the society may have had to resist the application as between son

and daughter, there was a substitution of beneficiaries in the eyes of a court of equity, and the proceeds of the policy belonged to the son.

ID.—RULES AS TO CHANGE OF BENEFICIARY—EXCEPTIONS—PRINCIPLES OF EQUITY.—The general rule is that a change of a beneficiary in a mutual benefit society cannot be made by the insured unless a substantial compliance with the laws and regulations of the society has been had; yet courts of equity have recognized various exceptions to this general rule, grounded upon the principles that equity does not demand impossible things, and will consider that as done which ought to have been done; and when the insured complies with all the requirements of the rules for the purpose of making the substitution of beneficiaries, with which he has the power to comply, he has done all that a court of equity demands.

ID.—REFUSAL TO SURRENDER CERTIFICATE—LOSS.—Where the surrender of the certificate is made impossible by the refusal of the beneficiary to surrender it, equity will treat the surrender as duly made, and in legal effect the certificate is deemed as lost.

ID.—TAKING ADVANTAGE OF WRONG.—No person can take advantage of his own wrong, or come into a court of equity and reap beneficial results from his own iniquity; and a former beneficiary who has by fraudulent acts prevented a change of beneficiary will not be allowed to derive any benefit from the fraud.

ID.—VESTED RIGHTS UNDER CONTRACT.—A person contemplating benefits in a mutual benefit association may so contract with the proposed beneficiary as that when the certificate is issued the beneficiary may have a vested interest in the proceeds of the certificate, which the insured member has no power to defeat, unless a stronger and better equity prevails in favor of a second beneficiary.

ID.—DESIGNATION OF BENEFICIARY WITHOUT CONTRACT — REVOCABLE GIFT.—The designation of a beneficiary with whom no contract is made is in the nature of an inchoate or unexecuted gift, revocable at any moment by the donor, and wholly within his control, and the beneficiary so designated possesses no equities, but is a volunteer pure and simple.

ID.—VESTED EQUITIES—ESTOPPEL—ENFORCEMENT AGAINST VOLUNTEER BENEFICIARY.—Whenever equities are vested in favor of a first beneficiary under a contract a court of equity will declare the insured estopped from substituting a second beneficiary who possesses no equities; and such estoppel being enforced against the insured is equally in force, and may be successfully urged against a volunteer beneficiary.

ID.—CHANGE OF BENEFICIARY—BURDEN OF PROOF AS TO EQUITIES—REVIEW OF EVIDENCE UPON APPEAL.—Where there has been a change of beneficiary the burden of proof is upon the first beneficiary to prove such existing equities under a contract as will protect such first beneficiary against the change, and where there is a conflict of evidence, the finding of the court against the existence of equities in favor of the first beneficiary will not be disturbed upon appeal.

ID.—DEMAND FOR CERTIFICATE—HEARSAY EVIDENCE—HARMLESS ERROR. Hearsay evidence as to the statements made by the insured prior to her death, in reference to a demand upon her daughter for the certificate, is harmless, where there is an abundance of other evidence show-

ing such demand, and substantially nothing to the contrary, and the theory of the case of the daughter rests upon the claim that her mother was not entitled to the certificate, but that it was the separate property of the daughter, which she would not have yielded up upon demand.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John H. Dickinson,* and *Henry E. Monroe,* for Appellant.

The court erred in denying the motion for a nonsuit. A change of beneficiary in a benefit certificate issued by a mutual benefit society must be made in conformity with the by-laws of the society providing for such change, and the attempted change of beneficiary in this case, not having been made in accordance with such by-laws, was ineffective, and the original beneficiary named in the certificate is entitled to the fund arising thereunder. (Bliss on Life Insurance, secs. 292, 318; *Holland* v. *Taylor,* 111 Ind. 125; Bacon on Benefit Societies, sec. 307, p. 474; *Stephenson* v. *Stephenson,* 64 Iowa, 534; *Knights of Honor* v. *Nairn,* 60 Mich. 44; *Skillings* v. *Massachusetts Ben. Assn.,* 146 Mass. 217; *Daniels* v. *Pratt,* 143 Mass. 216; *Wendt* v. *Iowa Legion of Honor,* 72 Iowa, 682; *Gould* v. *Emerson,* 99 Mass. 154; 96 Am. Dec. 720; *Brown* v. *Catholic Mut. Ben. Soc.,* 33 Hun, 263; *Swift* v. *San Francisco etc. Board,* 67 Cal. 574; *Vollman's Appeal,* 92 Pa. St. 50; *Masonic Mut. Ben. Assn.* v. *Jones,* 154 Pa. St. 107; *Hotel Men's Mut. Ben. Assn.* v. *Brown,* 33 Fed. Rep. 11; *Supreme Council American Legion of Honor* v. *Smith,* 45 N. J. Eq. 466.)

*H. W. Hutton,* for Respondent.

The court properly denied defendant's motion for a nonsuit. Plaintiff's evidence showed clearly that the failure to surrender the certificate was caused by defendant's own act, and, as the court properly said,

she was estopped from setting it up as a defense.  Under such circumstances equity regards that as done which should have been done, and considers that a new certificate was issued, as no one can take advantage of his own wrong.  (Civ. Code, secs. 3517, 3529; *Supreme Conclave Royal Adelphia* v. *Cappella*, 41 Fed. Rep. 1; *Marsh* v. *Supreme Council American Legion of Honor*, 149 Mass. 512; *Isgrigg* v. *Schooley*, 125 Ind. 94; *Hirschl* v. *Clark*, 81 Iowa, 200; *Bowman* v. *Moore*, 87 Cal. 306; *Grand Lodge A. O. U. W.* v. *Child*, 70 Mich. 163; *Splawn* v. *Chew*, 60 Tex. 533; *Schmidt* v. *Iowa Knights of Pythias etc. Assn.*, 82 Iowa, 304; *Manning* v. *A. O. U. W.*, 86 Ky. 136; 9 Am. St. Rep. 270; *Appeal of Beatty*, 122 Pa. St. 428.)   The by-laws of an association like the American Legion of Honor are made for its benefit alone, and none but the association can set them up as a defense; when it pays the money into court it operates as a waiver as far as it is concerned.  (*Thesing* v. *Supreme Lodge Catholic Knights of America*, 24 Week. Law Bull. 401; 24 Ohio L. J. 401; *Titsworth* v. *Titsworth*, 40 Kan. 571; *Martin* v. *Stubbings*, 126 Ill. 387; 9 Am. St. Rep. 620; *Manning* v. *A. O. U. W.*, 86 Ky. 136; 9 Am. St. Rep. 270; *Supreme Conclave* v. *Cappella*, 41 Fed. Rep. 7; *Splawn* v. *Chew*, 60 Tex. 533.)   If the appellant had paid the assessments it would be no defense to this action.  (*Fisk* v. *Equitable Aid Union* (Pa., Oct. 10, 1887), 11 Atl. Rep. 84; *Brown* v. *Grand Lodge A. O. U. W.*, 80 Iowa, 287; 20 Am. St. Rep. 420; *Byrne* v. *Casey*, 70 Tex. 250; *Supreme Conclave* v. *Cappella*, 41 Fed. Rep. 7; Bacon on Benefit Societies, last clause of sec. 307; *Appeal of Beatty*, 122 Pa. St. 428; *Masonic Benefit Assn.* v. *Bunch*, 109 Mo. 560.)   Emily Kate Jory, the deceased, had the right to change the certificate at any time, with or without reason; and even if she had made a contract with reference to it, which the evidence does not show, she still retained this right.   (*Bowman* v. *Moore*, 87 Cal. 306, 311; *Masonic Mut. Ben. Soc.* v. *Burkhardt*, 110 Ind. 189; *Brown* v. *A. O. U. W.*, 80 Iowa, 287; 20 Am. St. Rep. 422; *Splawn* v. *Chew*, 60 Tex. 533; *Byrne* v. *Casey*,

70 Tex. 250; *Sabin* v. *Phinney,* 134 N. Y. 423; 30 Am.
St. Rep. 681; Bacon on Benefit Societies, sec. 289, et
seq.; *Thesing* v. *Supreme Lodge Catholic Knights of Amer-
ica,* 24 Week. Law Bull. 401; *Richmond* v. *Johnson,* 28
Minn. 447; *Appeal of Beatty,* 122 Pa. St. 428; *Supreme
Council Catholic Knights of America* v. *Morison,* 16 R. I.
468.) The appellant had a mere contingent, and not
a vested interest, in the certificate in the nature of an
expectancy, like that of an heir, and it was not a sub-
ject of contract. (*Bowman* v. *Moore,* 87 Cal. 311; Civ.
Code, sec. 700; *Sabin* v. *Phinney,* 134 N. Y. 423; 30 Am.
St. Rep. 681; *Masonic Ben. Assn.* v. *Bunch,* 109 Mo.
560.)

GAROUTTE, J.—The right of ownership to the pro-
ceeds of a two-thousand-dollar benefit certificate, issued
by a mutual benefit society, known as the American
Legion of Honor, forms the subject of this litigation.
The society is not an active party to the litigation, hav-
ing paid the money into court, and being entirely satis-
fied with the court's adjudication as to whom it belongs.
The respondent and appellant are brother and sister,
and the beneficiary certificate was taken out by the
mother, Emily Kate Jory, and made payable upon her
death to the daughter appellant, or any other member
of the mother's family whom she might thereafter in
her lifetime designate.

The by-laws of the society provide that members
may, at any time when in good standing, surrender their
benefit certificates, and have new ones issued, payable
to such beneficiary dependent upon them as they may
direct, subject, however, to the provisions of section 2:
" Such change to be made upon petition to the supreme
secretary, signed by the member desiring to make the
change, attested by the secretary of the subordinate
council, and having the seal of the subordinate council
attached, substantially in accordance with the form
prescribed in this section. . . . . The fee to be paid for
a new certificate issued shall be one dollar, and must

accompany the petition.  No change of beneficiary shall be made in any other manner than herein prescribed; . . . . provided, that in case of the loss or destruction of the old certificate satisfactory evidence of such loss or destruction shall be produced by affidavit or other-wise before a new certificate be issued. . . . . No act of a subordinate council in the admission of any member to membership in this order, and no act of any member done for the purpose of changing his or her beneficiary, shall be recognized by or deemed binding upon the supreme council, or as entitling the person admitted, or the new beneficiary named, to any benefits from this order, unless such acts shall be in strict accordance with the provisions contained in the laws and constitution prescribed by the supreme council, nor until such acts have been ratified and approved by the supreme council."

Several years after this certificate was issued the mother became desirous of changing the beneficiary named therein, to wit, the appellant daughter, and to substitute therefor the respondent son; and in furtherance of such desire, and for the purpose of complying with the laws of the society, she attempted to secure control of the original certificate which was then in the keeping of her daughter appellant, in order that she might surrender the same to the society; but she was unsuccessful in this endeavor. Upon this question the court found the fact to be that " she (the daughter) refused to redeliver the same to the said Emily Kate Jory, although frequently re-quested so to do by her as alleged in said amended complaint, but kept and concealed the same for the purpose of endeavoring to prevent her said mother from desig-nating the plaintiff herein as the beneficiary there-under, and securing the said two thousand dollars herself, and so kept and concealed it until after her mother's death, as alleged in the amended complaint on file herein."   And this finding is supported by the evidence.

Being unable to secure the original certificate, the mother regularly took all the other steps required by the laws of the order for the purpose of changing the beneficiary, and accompanied her application for a change with an affidavit stating the reason why the original certificate was not surrendered, and further stating therein that she made her son, the respondent herein, her sole beneficiary under said certificate. The society still refused to issue the new certificate upon the ground that the original was neither lost nor destroyed, and yet had not been surrendered. Matters remained *in statu quo* until the death of the mother, when this litigation arose between the children, and was decided by the trial court in favor of the son.

Laying aside any question of interest in the original beneficiary certificate resting in the daughter by virtue of matters arising in parol between the mother and the daughter, we are clear that as between the original beneficiary, the daughter, and the proposed new beneficiary, the son, the proceeds of this policy belong to the son. As between them there was a substitution of beneficiaries in the eyes of a court of equity. If the Legion of Honor was here as an aggressive party, insisting as against the claims of the son upon a strict compliance with its by-laws before it could be compelled to take money from its treasury, possibly a different question would be presented; but, as between these parties litigant, the court will administer justice from the standpoint of equity, and bring to the solution of this question those broad principles upon the basis of which equity always deals. The general rule unquestionably is that a change of a beneficiary cannot be made by the insured unless a substantial compliance with the laws and regulations of the society is had; yet courts of equity have recognized various exceptions to this general principle, and the facts of this case bring it squarely within one of the well-recognized exceptions. This exception is builded upon the principle that equity does not demand impossible things, and

will consider that done which ought to have been done; and is embraced within the proposition that when the insured complies with all the requirements of the rules for the purpose of making the substitution of beneficiaries, with which he has the power to comply, he has done all that a court of equity demands. (See *Supreme Conclave* v. *Cappella,* 41 Fed. Rep. 1, approved in *McLaughlin* v. *McLaughlin,* 104 Cal. 171; *Grand Lodge* v. *Childs,* 70 Mich. 104; *Isgrigg* v. *Schooley,* 125 Ind. 95; *Marsh* v. *American Legion of Honor,* 149 Mass. 512.)

The present case comes squarely within this exception, and in principle is identical with some of the cases we have cited. For the purpose of changing the beneficiary, the insured complied in detail with every rule of the society, save the single one of surrendering the certificate, and this she was unable to do after using due diligence to that end. Impossibilities are not required, and if the certificate had been lost or destroyed, and thus the surrender made impossible, equity would have treated the surrender as duly made; and in legal effect the certificate was lost in this case. But there is another well-settled principle of equity equally fatal to appellant's claims. No person can take advantage of his own wrong. No man is allowed to come into a court of equity, and reap beneficial results from his own iniquity. If Mrs. Jory had the right to make the change of beneficiaries, and did all that it was possible for her to do toward making such change, but was prevented by the acts of appellant from a consummation of her intentions, then appellant will not be allowed to derive any benefit from her fraudulent conduct. If a fraud of her own practicing prevented a legal substitution of beneficiaries, then as against her an equitable substitution will be held to have taken place.

If the insured, Mrs. Jory, had a legal right to make a change of beneficiaries at the time she attempted so to do, then the maxims of equity which we have applied to the facts of the case dispose of this litigation fully and entirely. But, as a further ground of defense to

the action, it is insisted by appellant that her mother had no such right. Appellant says she had a vested interest in the certificate, and rights under it which could not be taken away from her by a legal substitution of beneficiaries, even if such substitution had been made by the insured. Under this claim of the appellant the question as to an actual substitution would seem to be immaterial; for if the insured had proceeded under the rules and laws of the order, and obtained a substitution of beneficiaries perfect in all its parts, still, as between the parties here litigating, it would not be conclusive as establishing title to its proceeds in the holder thereof, for we are in a court of equity and administering justice to these parties according to their equities.

The principle here under consideration is the most recent growth of mutual benefit association law, a branch of the law which in itself is young in years; and we know of nothing in the law which deprives a person contemplating membership in a mutual benefit association from so contracting with the proposed beneficiary as that when such certificate is issued, equities in favor of the beneficiary are born of such merit that the insured member has no power to defeat them. The few authorities shedding light upon this question declare the rights of the beneficiary are such as to create a vested interest in the proceeds of the certificate. (*Smith* v. *National Ben. Soc.*, 123 N. Y. 85; *Maynard* v. *Vanderwerker*, 24 N. Y. Supp. 932.) Possibly this is not a correct declaration of the principle of law applicable to the conditions; for a second beneficiary might be substituted, wholly innocent of the contractual relations existing between the insured and the first beneficiary, and his substitution give rise to the creation of equities in his behalf, all controlling upon a judicial disposition of the rights of the parties concerned. If the original beneficiary's interest was vested no subsequent conditions could possibly arise which would defeat his right, and for this reason we think it can hardly be termed a vested interest. The whole matter seems to be rather

a question of equities, and the stronger and better equity must prevail. The illustration we have used does not arise in the present case, for we here have no clash of equities. The second beneficiary possesses no equities. He is a volunteer pure and simple. His *status* during the life of the insured is well described in *Smith* v. *National Ben. Soc.*, 123 N. Y. 85, where the court said: "The designation was in the nature of an inchoate or unexecuted gift, revocable at any moment by the donor, and wholly within his control." We think a court of equity should declare the insured estopped from substituting a second beneficiary of the character here involved, whenever sound equities are extant in favor of the first beneficiary; and, such estoppel being in force against the insured, it is equally in force and may be successfully urged against the volunteer beneficiary.

The respondent is a volunteer beneficiary, and it only remains for us to ascertain from the record what the appellant's equities are, as disclosed by the evidence. She claims by her answer that she and her mother entered into a mutual agreement, whereby each should join a mutual benefit society and make the other a beneficiary under the certificates issued, and that said agreement was carried out. Appellant further alleges that she paid all initiation fees, dues, and assessments upon the benefit certificate taken out by her mother. If these moneys were paid out by appellant under and by virtue of a contract between the parties, and in pursuance of this agreement and scheme for mutual insurance, then she has equities which entitle her to recognition in a court of justice, for it would be a gross imposition and fraud upon her to allow the insured to change her beneficiary under these circumstances. Though wrong and injustice form an unpleasant sight to a court of equity, yet that court will never close its eyes because the sight is an unpleasant one, but rather with vision all the keener will reach out its strong arm to protect the wronged and innocent party.

In this case, after hearing all the evidence, the court

made its findings of fact, holding that appellant failed to prove either that there was a contract of mutual insurance entered into by the mother and the daughter, or that she, the daughter, paid the assessments, dues, etc., upon her mother's certificate other than the small sum of fourteen dollars. In the absence of a contract of some character inuring to the benefit of a beneficiary, the mere fact of payment of assessments by such an one is not sufficient to create equities in his favor, for the courts of the land say such payments are to be treated as gifts; and in the present case the basis of whatever rights to which the appellant may be entitled is the contract of mutual insurance. But the evidence of appellant upon both branches of her claim is weak, vague, and unsatisfactory. The mother, sister, and a younger brother were living together. They all earned more or less money by their labors, which for years was placed in a common fund, and all outlays for living expenses, payment of assessments upon these certificates, and incidental expenses were taken therefrom. It is not apparent that the appellant had any money of her own. She had no independent source of revenue, and after the brother's death the source from which the money to meet the assessments was drawn is not clearly located in her. As to the contract for a mutual insurance, the evidence is even more unsatisfactory than it is as to the source of the funds from which the assessments were paid; and, without entering into a detailed review of the evidence, we will say that the finding of the court in this regard is satisfactory to us. These matters are set up in the answer as an affirmative equitable defense to plaintiff's cause of action, and the burden rested upon her to prove them by a preponderance of evidence; and upon a consideration of the insufficiency of the evidence to support the findings of fact we are not prepared to say that the evidence even preponderates in her favor. The evidence bearing upon this branch of the case was confined almost entirely to the testimony of the parties interested, and their prior

statements and admissions.   The witnesses were before the court, and we think it pre-eminently a case where great deference should be shown to the judgment of the trial court upon the weight of evidence.   For these reasons we will not disturb the findings of fact, and appellant's claim of existing equities has failed for want of proof.

It is stated that the court committed an error in admitting in evidence statements made by Mrs. Jory prior to her death, to the effect that she had asked appellant several times for the certificate, and that appellant would not give it up.   Conceding the evidence objectionable, as being hearsay, still no harm to appellant arose by its admission.   There is an abundance of other evidence in the record, showing a demand upon her for the certificate, and substantially nothing to the contrary.   While she may have formally denied in her answer the allegation of demand made in the complaint, and while she may also have stated at the trial that no demand was made upon her, the whole record is opposed to the statement, and the whole theory of her own case, both in pleading and evidence, is opposed to it; for her case rests upon the claim that her mother was not entitled to the certificate, but that it was her own separate property, of which she was entitled to the absolute and exclusive control.   She does not state in her evidence that she would have given it up to her mother if it had been demanded, but, upon the contrary, it is conclusively shown, both by her pleading and evidence, that she would not have done so if a demand had been made. Under these circumstances the statements of her mother as to a demand were not prejudicial, even conceding them to be erroneous.

It is ordered that the judgment and order be affirmed.

HARRISON, J., and VAN FLEET, J., concurred.