[No. 15350.   Department One.—December 31, 1894.]

## L. S. ADAMS, RESPONDENT, *v.* GRAND LODGE OF THE A. O. U. W. ET AL., DEFENDANTS, CAROLINE H. SMITH, EXECUTRIX, ETC., INTERVENOR AND APPELLANT.

MUTUAL BENEFIT ASSOCIATION—RIGHTS OF BENEFICIARIES—INTERPLEADER
—EQUITY.—Where a mutual benefit association is not an aggressive
party, standing strictly upon its legal rights, but has paid money into
court, in respect of which rival beneficiaries have interpleaded, the
rights of the beneficiaries as between themselves must be determined
upon principles of equity.

ID.—LITIGATION OVER FUND IN COURT—PRINCIPLES OF ADJUDICATION—
SOURCE OF TITLE NOT MATERIAL.—Where a fund has been paid into
court by a mutual benefit association, in respect of which the plaintiff
and an intervenor both claimed title, their respective claims of owner-
ship are to be litigated in the same way, and finally adjudicated and deter-
mined upon the same general principles as though the common source of
title of the money came through a bequest or gift.

ID.—CHANGE OF BENEFICIARY—TRUST—DEATH OF TRUSTEE.—Where the
insured in a mutual benefit association had named his wife as the origi-
nal beneficiary in the certificate of membership, and afterwards changed
the certificate to the name of a member of a firm to which he was
indebted in a large sum of money, who took in trust for the firm, with
the knowledge and consent of the mutual benefit association, upon the
death of the trustee prior to the death of the insured, the wife cannot
claim the proceeds of the certificate as against the firm for whose benefit
it was held by the deceased trustee.

CV. CAL.—21

ID.—EQUITIES OF REAL BENEFICIARIES AS AGAINST TRUSTEE.—In the eyes of a court of equity the firm for whose benefit the certificate was issued in the name of one of its members was the real beneficiary, and the death of the trustee could not affect the rights of the real beneficiary living at the death of the insured, and it is the duty of the court to protect such beneficiary.

ID.—CERTIFICATE IRREGULARLY ISSUED—WAIVER OF RULES.—The fact that a certificate was irregularly issued to a beneficiary, by reason of noncompliance with the rules of the order, in reference to the application for a change of beneficiary, does not render the certificate invalid; but the issuance of the certificate upon the application was a waiver by the order of its rules.

ID.—DECLARATION OF TRUST—ADMINISTRATOR OF TRUSTEE—DENIAL OF TRUST — EVIDENCE.— A declaration of trust made by a beneficiary, defining his relations with a firm of which he was a member as to the beneficiary certificate, is properly received in evidence as against the administrator of the estate of the deceased trustee, who has denied the trust relations.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. H. Cobb*, and *Clinton L. White*, for Appellant.

*William H. Jordan*, for Respondent.

*Eugene N. Deuprey*, for Grand Lodge, etc., Defendant.

*C. W. Baker*, for Administrator of Estate of John Mc-Neill, Deceased.

GAROUTTE, J.—The plaintiff, as successor in interest of the firm of Adams, McNeill & Co., brought this action to recover the sum of two thousand dollars, due and payable upon a beneficiary certificate issued by a society known as the Ancient Order of United Workmen. The party insured was Joshua H. Smith, and the original beneficiary named in the certificate of membership was Caroline H. Smith, his wife, the present intervenor and appellant. Subsequently Smith requested the grand lodge to substitute one John McNeill as the beneficiary in the place and stead of his wife, Caroline. This

request was complied with, and said McNeill received a
new certificate, made payable to himself upon the death
of Smith.   A few years thereafter McNeill died, and, in
about a like period after McNeill's death, Smith died.
No new beneficiary was named in Smith's certificate of
insurance after the death of McNeill, and upon this
ground the intervenor and appellant, Mrs. Smith, repre-
senting the heirs and devisees of her late husband,
appears in the action, claiming that the insured died
without a named beneficiary, and that therefore the pro-
ceeds of the certificate belong to the heirs of the insured.
The defendant, the grand lodge, appeared in the action
by answer, and offered to pay the money to whomsoever
the court might decree upon final judgment; while the
defendant, Bronner, administrator of the estate of John
McNeill, deceased, answered, but failed to appear at the
trial.

Respondent Adams' claims are fairly illustrated and
dependent upon the following facts, which we quote from
the findings made by the trial court, and which, in our
opinion, are fully supported by the evidence introduced
at the trial.   After finding that Smith was indebted to
the firm of Adams, McNeill & Co., in a large sum of
money, the findings further declare:

"1. That the said beneficiary certificate, so issued to
the said Joshua H. Smith, and so made payable to the
said John McNeill, was intended by the said Smith and
the said McNeill for the benefit of the said firm of
Adams, McNeill & Co., and not otherwise, and that the
said certificate was held by the said John McNeill in
trust for the said firm of Adams, McNeill & Co., of which
said firm the said McNeill was at said time a member,
as heretofore found, and that the same was so held in
trust by the said McNeill with a full knowledge and con-
sent of defendant, the grand lodge of the Ancient Order
of United Workmen of California.

"2. That it is a fact that the said firm of Adams,
McNeill & Co. received said beneficiary certificate, and
caused the same to be held by the said John McNeill in

trust for them, as aforesaid, in payment of the said indebtedness to the said firm of the said Joshua H. Smith, and not otherwise, and that since the issuing of said certificate the said firm of Adams, McNeill & Co. and plaintiff, as its successor in interest, have furnished the funds with which to pay all assessments and dues required of the said Joshua H. Smith by the defendant, grand lodge of the Ancient Order of Workmen, to keep the said beneficiary certificate in full force and effect."

The application of principles of law to litigation arising out of mutual benefit associations is a matter of very recent growth, and especially is this so of that branch of mutual benefit law which directly presents itself for our consideration in the present case. By reason of these things, and by reason of the additional fact that litigation involving these questions is to a great extent at the present time engrossing the attention of courts all over the country, and demanding decision largely without the aid of precedent, we find ourselves, to some extent at least, journeying upon untrodden and devious paths. At the same time we see no reason why those broad and benign principles of equity which, as it were, are the guardians of the law, should not deal with this case as with other cases, and likewise weigh and measure its merits, rendering unto all parties that justice to which they are entitled.

The Ancient Order of United Workmen is not an active party to the litigation. It has no interest whatever in the result. In effect it has paid the fund into the hands of the court, and is now a stranger to the action. We then have a certain fund of money to which the plaintiff and the intervenor both claim title, and their respective claims of ownership are to be litigated in the same way, and finally adjudicated and determined upon the same general principles, as though the common source of title of this money came through a bequest or gift rather than from a mutual benefit association. We had occasion in the recent case of *Jory* v. *Supreme Council A. L. of H.*, 105 Cal. 20, to give some

of the matters here involved careful attention, and in
that case we arrived at the conclusion that the relations
existing between the insured and the beneficiary might
be such as to create equities in favor of the beneficiary
which the insured would be estopped from defeating, at
least as in favor of a subsequently named beneficiary
who possessed no equities. Under the authority of that
case it cannot be questioned but that if McNeill was a
beneficiary possessing such equities, no subsequent act
of Smith's, even though it had culminated in the issu-
ance of a new certificate by the order to another bene-
ficiary, could have defeated his equities, conceding, of
course, this last beneficiary to be a pure volunteer.

According to the findings of fact McNeill was the
beneficiary in name only, and the real beneficiary was
Adams, McNeill & Co. Even conceding that, as against
the order, McNeill was the real and only beneficiary,
that is not the condition here presented. The order is
not here as an aggressive party, standing strictly upon
its legal rights, and demanding the letter of its bond.
As we have said, it is practically not a party to the
action at all. But the conditions facing us are simply
these: two litigants, standing upon a common level,
submit to a court of equity their respective claims of
ownership to a special fund of money, and ask that
court to do justice, in the light, and under the guidance,
of those equitable principles which form the glory of
that forum. Looking at the case from that standpoint
of vision it presents but little difficulty. If McNeill in
terms had been named beneficiary in the certificate, as
trustee for Adams, McNeill & Co., there would be no
question as to the ownership of the fund. Neither can
there be any question but that a certificate could be
made payable to McNeill, as guardian of a named minor,
or as trustee of Adams, McNeill & Co. If McNeill had
lived until the death of Smith, and litigation had arisen
between him and Adams, McNeill & Co. as to the own-
ership of this fund, a court of equity, without hesita-
tion, would have given it to the partnership, and the

fact that the trust was not expressed upon the face of the certificate would have been wholly immaterial. The court, under such circumstances, would declare that Mc-Neill was a mere naked trustee of the real beneficiary, and that the real beneficiary was entitled to the money. Such is the principle governing here, and in the eyes of a court of equity the fact that the trustee died prior to the death of Smith makes no difference in the conditions. The real beneficiary still lived and was alive at the death of Smith, and it is the duty of the court to protect such a one.

It is insisted that the certificate issued to McNeill by the order was invalid, for the reason that the application for a change of beneficiary was not filed in the grand lodge within thirty days of its date, and thus was not filed in compliance with the provisions of the constitution of the order. A sufficient answer to such contention by the intervenor is that this provision of the law was one that could be waived by the order, and, when the order issued the certificate upon the application, the provision was waived.

The declaration of trust made by McNeill, defining his relations with the firm as to the beneficiary certificate, was properly admitted in evidence. The administrator of McNeill's estate was a party defendant, and filed a verified answer denying the trust relations, and, under these circumstances, the paper was competent evidence. There is nothing further disclosed by the record demanding our attention.

The judgment and order are affirmed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.