MISSOULA TRUST & SAVINGS BANK, Respondent, *v.*
IMAN & SON et al., Appellants.

(No. 3,470.)

(Submitted February 9, 1915.   Decided February 27, 1915.)

[146 Pac. 941.]

*Interpleader—Equity—Jury Trial.*

> 1. A suit in interpleader is equitable in its nature, in which neither
> party is entitled to a jury trial as a matter of right; hence where a
> jury had been called, but disagreed, the court was within the rightful
> exercise of its authority in discharging them and deciding the contro-
> versy itself.
>
> [As to the right of interpleader, see note in 91 Am. St. Rep. 593.]

*Appeal from District Court, Missoula County; R. Lee McCul-
lough, Judge.*

Interpleader by the Missoula Trust & Savings Bank against
Thomas J. Murphy, Constable of Hellgate Township, Commer-
cial National Bank, Iman & Son and others.   Judgment for
defendant Commercial National Bank, and defendants Iman &
Son and others appeal.   Affirmed.

Cause submitted on briefs of counsel.

*Mr. Elmer E. Hershey,* for Respondent.

*Mr. E. C. Mulroney* and *Mr. Richard H. Smith,* for Appel-
lants.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

In 1910 the Commercial National Bank, a corporation, recov-
ered judgment in a justice of the peace court against J. S. Iman
for something over $200.   Execution was issued and placed in
the hands of Constable Thos. J. Murphy, who levied upon
$156.49, then on deposit with the Missoula Trust & Savings
Bank, in the name of Iman & Son.   Wilhelmina Iman and Rus-
sel O. Iman laid claim to the exclusive ownership of the deposit,

and to relieve itself the Missoula Trust & Savings Bank brought this action setting forth the facts, deposited the funds with the clerk of the court, and asked for an adjudication of the ownership as between the conflicting claimants. Issues having been framed, the cause was tried to the court sitting with a jury. The jury failed to agree upon a verdict or findings and were discharged, whereupon the Commercial National Bank moved the court for a judgment in its favor, and this motion was granted, and judgment entered accordingly. The defendants Iman & Son, Wilhelmina Iman and Russel O. Iman have appealed.

The contention of appellants is that the action is one at law, [1] and therefore the court was without authority to withdraw the case and determine the issue of fact without the aid of a jury. The question is not a debatable one in this jurisdiction. It has been adjudicated by this court in harmony with the very decided weight of authority. Section 6495, Revised Codes, provides for two classes of cases—substitution and interpleader. (1) If A sues B respecting a fund which C also claims, B may have C substituted as defendant and himself relieved from liability. When the order of substitution is made, the action proceeds according to the course of common-law practice. (2) If A and C assert hostile claims to a fund in the hands of B but neither commences an action, B, to relieve himself from liability, may commence a suit in interpleader naming A and C as defendants, deposit the fund in court, and be discharged. Because B has no interest in the fund, and because neither A nor C has infringed his rights, he cannot state a cause of action at law against either or both, but may invoke the aid of equity. The meaning of the section above is so obvious that a construction of it ought not to be necessary; however, in *Anderson* v. *Red Metal Min. Co.*, 36 Mont. 312, 93 Pac. 44, we considered this same provision at length, gave a brief history of its origin and purpose, and made a similar analysis. The decision in that case is conclusive of this.

The Missoula Trust & Savings Bank had no interest whatever in the fund on deposit with it.   It was a mere stakeholder.   As between the conflicting claimants to the fund, the bank was unwilling to assume the risk of incurring liability by deciding the question of ownership for itself, and accordingly sought relief under the statute above.   It could not allege that any one or more of the claimants had infringed any of its rights, and therefore it could not state a cause of action at law.   It could, however, invoke the aid of a court of equity under section 6495 above, and in such a suit neither party was entitled to a jury trial, as a matter of right.   The trial court might call to its aid a jury to advise upon disputed questions of fact, but even as to such questions the court would not be bound by the jury's findings but might disregard them and make findings of its own. This has been the uniform practice in this state, from *Gallagher* v. *Basey,* 1 Mont. 457, to the latest pronouncement upon the subject in *O'Malley* v. *O'Malley,* 46 Mont. 549, Ann. Cas. 1914B, 662, 129 Pac. 501.

The trial court was clearly within the rightful exercise of its authority in discharging the jury and deciding the controversy, and its judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.