No. 20,726.

W. H. ROBERTSON, *Appellant*, v. M. J. ROBERTSON, *Appellant*, and THE RIDENOUR-BAKER GROCERY COMPANY, Interpleader, *Appellee*.

SYLLABUS BY THE COURT.

1. FIRE INSURANCE—*Loss—Equitable Assignment of Claim of Insured Under Policy*. A written order signed by the holder of an insurance policy after a loss thereunder has been sustained, which is addressed to the local agent of the insurance company issuing the policy and which directs the payment of the loss to a third party, is competent evidence of an equitable assignment of the claim of the insured under such policy; and where it is shown that the order was executed in payment of a preëxisting indebtedness of the insured, it will constitute an equitable assignment of his interest in the policy.

2. EVIDENCE—*Book Entries—Made in Regular Course of Business*. A witness who was shown to have been in charge of the city credits of a wholesale grocery company testified that certain entries on the books of the company were made under his supervision, though not in his presence. *Held*, the entries were made in the regular course of business and were admissible under section 384 of the civil code.

3. EQUITABLE ACTION—*No Jury Demandable*. Under the facts stated in the opinion, the cause was an equitable one, and neither party was entitled to a jury.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed March 10, 1917. Affirmed.

*D. J. Maher*, and *L. C. True*, both of Kansas City, for the appellants.

*C. A. Capron, F. H. Stubbs*, and *G. W. Stubbs*, all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

PORTER, J.: In June, 1913, M. J. Robertson was engaged in the retail grocery business at Kansas City, and held a policy in the American Insurance Company covering loss to the amount of $1200 on his stock and fixtures, which were destroyed by fire on the night of June 10. The insurance policy was destroyed in the same fire. Robertson was indebted to the Ridenour-Baker Grocery Company of Kansas City, Mo.,

something in excess of $1400 for merchandise.  On the day following the fire an agent of the grocery company asked him to assign his insurance to the company toward payment of the account, and he agreed to do so.  Together they went to the local agent of the insurance company, stated their desires, and Robertson thereupon executed and delivered to the agent of the grocery company the following order:

"Felix Fulton, Agent,                "Kansas City Kansas, 6/11/13.
        American Insurance Co.,
                K. C. Kans.
        "The payment of loss under Fire Policy No. 42560, American, you will please pay to Ridenour-Baker Grocery Co. and I will endorse draft to them when same is received by you.          M. J. Robertson,"

The grocery company immediately notified the insurance company of the assignment and took up the adjustment of the loss, finally agreeing to accept $1000 in full payment of the loss.  Eleven months after the fire and after the grocery company had agreed upon a settlement, but before the insurance had been paid, W. H. Robertson, father of the insured, began a suit in the district court against his son on some claim of a cause of action, and caused a garnishee summons to be served upon the insurance company.  M. J. Robertson, though served with a summons, made no defense to the action, and a judgment was entered in the father's favor for the amount claimed.  The insurance company answered, denying that it owed anything to M. J. Robertson, alleging that he failed to make proofs of loss under the policy, and also set up the assignment of the insurance to the grocery company, the adjustment and agreement under the assignment by which the insurance was to be paid to the grocery company, and asked permission to pay the $1000 into the hands of the clerk of the court.  The request was granted, the money was deposited in court, and the grocery company and the two Robertsons set up by appropriate pleadings their claims to the fund.  M. J. Robertson filed an answer not contesting the claims of his father, but asserting in general terms that the assignment was "illegal, fraudulent, and void."  On the trial the district court found in favor of the grocery company, and ordered the fund paid to it.  W. H. Robertson and M. J. Robertson appeal from the judgment.

1.  A number of trivial objections are urged in support of

the contention that it was error to admit in evidence the assignment of the insurance. It is said it was not directed to the insurance company, but to its local agent; it is said he was the agent of the insured. But he was likewise the agent of the insurer, and no reason is suggested why he could not in such a matter represent both insured and insurer. However, it was not essential that the order be directed to the insurance company, and the insured was there to represent himself and needed the services of no agent. We think there can be no question but that the instrument was admissible in evidence and that it amounts to an equitable assignment of whatever claim the assignor had against the insurance company upon the policy mentioned therein. There is no merit in the contention that the assignment was without consideration. It was given to secure a preëxisting indebtedness of the assignor. (*McCubbin v. City of Atchison*, 12 Kan. 166.) In *James Clark & Co. v. Wiss & Ballard*, 34 Kan. 553, 555, 9 Pac. 281, it was held that "a debt due for goods sold and delivered, and resting for evidence on a book account, may be assigned, and such assignment is valid if made by mere delivery." And any chose in action may be assigned, no particular form of words or of instrument being necessary. "Any language or act which makes an appropriation of a fund amounts to an equitable assignment of that fund." (2 A. & E. Encycl. of L. 1055.) "It may be in the form of an order on the debtor or holder of the fund assigned to pay the debt or fund to another person." (4 Cyc. 42. As applied to orders for the payment of money due on an insurance policy, see *Spratley v. Hartford Ins. Co.*, 1 Dill. 392, 22 Fed. Cas. 973.)

2. There was abundant evidence to show the correctness of the account of Ridenour-Baker company. It is useless to contend that there was prejudicial error in admitting in evidence statements of a witness who testified that he was in charge of the city credits of the grocery company, and that the entries, though not made in his presence, were made under his supervision. They were entries made in the regular course of business, and were admissible under the rule of section 384 of the code. (*Richolson v. Ferguson*, 87 Kan. 411, 124 Pac. 360; *Cockrill v. Railway Co.*, 90 Kan. 650, 136 Pac. 322.) "The modern notion of the admissibility of evidence is that it is more important to get the truth than to quibble over imprac-

tical distinctions between facts and conclusions." (*Bank v. Robinson,* 93 Kan. 464, syl. ¶ 2, 144 Pac. 1019.)

3. The cause being one in the nature of a bill of interpleader, the whole controversy was equitable in character, and not one in which either party was entitled to a jury. Moreover, upon the undisputed facts in the case, the plaintiff was not entitled to recover; and if it had been a jury case, the court might properly have directed a verdict for the grocery company. It should be stated that, although there was no evidence that the loss under the policy exceeded $1000, the grocery company offered and was permitted by the court to credit the account of Robertson with the full amount of the policy.

The judgment is affirmed.