[S. F. No. 11215. In Bank.—July 29, 1925.]

## UNION MUTUAL LIFE INSURANCE COMPANY (a Corporation), Plaintiff, v. ADELAIDE J. BRODERICK, Defendant and Appellant; ANITA C. BRODERICK; Defendant and Respondent.

[1] Life Insurance—Rights to Proceeds of Policy—Interpleader—Equity—Jury Trial.—A suit in interpleader, brought by a life insurance company against the widow and a sister of the insured, each of whom claims the moneys payable under a policy of insurance covering the life of the insured, is an equitable proceeding in which the rights of the parties as between themselves are governed by principles of equity; and in such a case the right to a trial by jury does not exist.

[2] Id.—Gift to Wife—Conflicting Evidence—Finding—Appeal.—In such a suit, where the testimony of the widow of the insured is to the effect that the insured made a gift of the policy to her, but the sister of the insured (the substituted beneficiary) offers proof of the insured's declarations and also circumstances bearing upon his conduct in subsequently dealing with said policy which were inconsistent with the theory of a previous gift and which tend to show that no such gift was made or intended to be made, a conflict of evidence is presented, and the finding of the trial court that the insured did not make a gift of the policy to his wife is controlling on appeal.

[3] Id.—Gift—Intent—Incomplete Transaction—Evidence.—In determining the question of the validity of a gift, the matter of the intent with which the delivery is made is always an important and essential element to be considered, and, unless the donor intends to divest himself completely of control and dominion over the property given, the gift is incomplete and ineffectual; and what his intention was is a question of fact to be decided by the trial court, upon all the evidence in the case.

[4] Id. — Absolute Gift — Intent of Insured — Right to Change Beneficiary.—Assuming the policy, as originally issued, designated the wife as beneficiary and the insured made a gift of the policy to her, where the policy provided that the insured had the right to change the beneficiary from time to time, but "that in case the insured shall at any time designate any person as Absolute Beneficiary . . . said right to change the beneficiary shall thereupon cease," and the wife was not designated as "Absolute Beneficiary,"

3. Sufficiency of delivery to support gift, note, 50 Am. Rep. 178. See, also, 12 R. C. L. 933; 13 Cal. Jur. 36.

196 Cal.—32

it was for the court to determine the question of fact as to whether the insured intended the delivery of the policy as an absolute gift, or whether he reserved, as stated in the policy, the right to afterwards change the beneficiary.

[5] ID.—TRANSFER OF POLICY—CONSIDERATION—EVIDENCE—ABSENCE OF CONSENT OF WIFE.—In this suit in interpleader, brought by a life insurance company against the widow and a sister of the insured, each of whom claimed the moneys payable under a policy of insurance covering the life of the insured, the evidence was sufficient to justify the conclusion of the trial court that the transfer and assignment of the policy by the insured to said sister were made in consideration of money previously borrowed from her by the insured, and which remained unpaid at the time the transfer and assignment of the policy were made; and under the law of this state as it stood at·the time such transaction occurred, the insured had power to make a valid transfer of the community property of himself and his wife for a valuable consideration, without the written consent of the wife.

[6] ID.—CHANGE OF NAME OF BENEFICIARY—DELIVERY OF POLICY—SUFFICIENCY OF TRANSFER.—In such case, when the name of the beneficiary was changed from that of the wife to that of the sister of the insured and the policy was delivered to said sister, the relationship of the insured and said sister was that of debtor and creditor, and the delivery of the policy, under such circumstances, constituted an effectual transfer of the proceeds of the policy.

[7] ID.—REFUSAL OF BENEFICIARY TO SURRENDER POLICY—EQUITY.—Notwithstanding a policy of life insurance prescribes that a change of beneficiary shall be accompanied by a surrender of the policy, where such surrender is made impossible by the refusal of the beneficiary named therein to surrender it, equity will treat the surrender as duly made, and in legal effect the certificate is deemed as lost.

[8] ID.—PAYMENT OF PREMIUMS FROM COMMUNITY FUNDS—GIFT BY HUSBAND—VOIDABLE TRANSACTION.—Where the premiums of an insurance policy issued on the life of the husband after coverture are paid entirely from community funds, the policy is a community asset, and, in view of the provisions of section 172 of the Civil Code, the husband cannot make a valid gift thereof without the written consent of the wife, and, where the husband attempts to do so, by naming a third party as beneficiary, the transaction as to the wife's share is voidable and subject to her right of revocation;

---

7. Acts sufficient to effectuate a change of beneficiary in benefit certificate, note, Ann. Cas. 1914D, 1126. See, also, 19 R. C. L. 1298; 19 Cal. Jur. 497.

8. See 5 Cal. Jur. 339.

but such principle has no application where the designation of said third party as beneficiary is made by the insured for a valuable consideration.

(1) 35 C. J., p. 163, n. 70.    (2) 4 C. J., p. 883, n. 33.    (3) 28 C. J., p. 634, n. 94.    (4) 28 C. J., p. 683, n. 35.    (5) 37 C. J., p. 635, n. 18. (6) 37 C. J., p. 635, n. 18.    (7) 37 C. J., p. 585, n. 48.    (8) 31 C. J., p. 120, n. 40.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellant.

J. J. Lermen and G. K. Burgren for Respondent.

SEAWELL, J.—The appeal in this case was taken in the first instance to the district court of appeal, first district, division one. Inasmuch as it was a case in equity, that court, not being vested with appellate jurisdiction in such cases, ordered it transferred to this court for hearing and decision. On the same day an order was made by this court, under the provisions of section 4, article VI, of the constitution, and section 52a, subdivision 4, of the Code of Civil Procedure, transferring said cause to the district court of appeal for hearing and decision. It is now here for decision after an order made granting a petition for hearing. Two points were earnestly urged by petitioner which seemed to us to require the consideration of this court. The first was whether the plaintiff was entitled to have certain issues framed by the pleadings submitted to a jury, as a matter of right, and the second point was whether the appellant had established such a vested right in the policy of insurance, which forms the basis of the action, as to have taken away the right of the husband to change the original beneficiary named in said policy of insurance. Upon further examination into those questions, however, we are satisfied with the soundness of the reasoning of the district court of appeal and with its conclusion in disposing of them as well as all other questions raised by the petition. We therefore adopt the

opinion of the district court of appeal, written by Mr. Justice Knight, as a full and fair disquisition of the questions raised by the appeal. We will later advert, by way of emphasis, briefly to the two questions specifically referred to. The opinion follows:

"The defendant Adelaide J. Broderick appeals from a judgment entered against her in a suit in interpleader brought by the Union Mutual Life Insurance Company to determine title to money due under a policy of life insurance. Adelaide J. Broderick is the widow, and Anita C. Broderick is the sister of the insured and are rival claimants for said money. The following facts are not disputed:

"On October 27, 1908, the plaintiff issued its policy of life insurance to Herbert D. Broderick in the principal sum of $1,500, payable to him on October 27, 1928, if living, or in the event of his death before that time, to his wife Adelaide J. Broderick, or to such other beneficiary as may be designated by the insured. During the month of November, 1913, Broderick filed with said company a sworn certificate, dated September 15, 1913, to the effect that said policy had been misplaced and after diligent search could not be found. A duplicate policy was thereupon issued, dated November 19, 1913, and on the same date, upon written request of Broderick, dated May 13, 1913, said company changed the name of the beneficiary so that Broderick's sister, Anita, became the beneficiary, and said duplicate policy was indorsed to that effect under date of November 19, 1913. Said duplicate policy was afterwards delivered by said company to said Anita C. Broderick and she retained possession of the same until the death of the insured. She also paid the premium on said policy for the year 1913, amounting to $74.36. Thereafter no premiums were paid by anyone, but under the terms of said policy the contract of insurance continued in force until the death of the insured, which occurred on October 20, 1920. After Broderick's death his widow produced the original policy and made demand for the money due thereunder. Said company then filed this suit in interpleader and in accordance with the terms of an interlocutory decree entered in that behalf paid the sum of $1,532.82 due under its contract of insurance, into court, and the rival claimants were directed to litigate their claims thereto.

"The claims of the parties are set forth in their cross-complaints and answers. Adelaide J. Broderick, the widow, besides denying that the insured had requested a change of beneficiaries, alleged that she had been dependent upon her husband for support; that the claim asserted by Anita C. Broderick was without right; that the latter 'never had any insurable interest in the life' of said insured and was not dependent upon him for support and that said insured had never 'been under any legal obligations to her for the payment of money or respecting property or services of which his death or illness might delay or prevent performance'; that said policy had never been mislaid, lost or destroyed, assigned or hypothecated; that said insured had never requested a change of the beneficiary; that no indorsement to that effect had ever been made; that no beneficiary was named therein other than herself. Said Adelaide J. Broderick further alleged 'that said Herbert D. Broderick prior to November 1, 1913, delivered said policy to her . . . as a gift and she ever since has been and now is the owner and in the possession of said policy' and that as the owner of said policy and as the beneficiary named therein she was and is entitled to said insurance.

"The cross-complaint filed by Anita C. Broderick consisted chiefly of allegations of the undisputed facts hereinbefore stated relating to the issuance of the duplicate policy on November 19, 1913, the request by the insured for a change in the name of the beneficiary, the indorsement of such change upon the policy, and the delivery of said policy to her. She also pleaded her own right to said insurance money and negatived the asserted right thereto of Adelaide J. Broderick. Answering the cross-complaint of her adversary, the said Anita C. Broderick denied the material allegations thereof, including the allegation therein made to the effect that the said Adelaide J. Broderick was dependent upon said insured for support; she also denied the allegation that she, the said Anita C. Broderick, had no insurable interest in the life of said deceased.

"Appellant requested a jury trial which was refused upon the ground that said proceeding was an equitable one. The cause was thereupon tried by the court and findings were made in favor of respondent upon all contested issues. The judgment was that said appellant Adelaide J. Broderick had

no interest in said insurance money and that respondent Anita C. Broderick, as the beneficiary named in said contract of insurance, was entitled to the full amount due thereunder.

[1] "The first point made by appellant on appeal is that the trial court erred in denying a trial by jury. It has been held in this state, however, that a suit in interpleader, such as this one, and involving like issues, is an equitable proceeding in which the rights of the parties as between themselves are governed by principles of equity (*Jory* v. *Supreme Council, A. L. H.,* 105 Cal. 20 [45 Am. St. Rep. 17, 26 L. R. A. 733, 38 Pac. 524] ; *Adams* v. *Grand Lodge,* 105 Cal. 321 [45 Am. St. Rep. 45, 38 Pac. 914]), and there are numerous authorities from other jurisdictions holding directly that in such cases the right to a trial by jury does not exist. (*Clark* v. *Mosher,* 107 N. Y. 118 [1 Am. St. Rep. 798, 14 N. E. 96] ; *Grand Lodge* v. *Elsner,* 26 Mo. App. 108; *Bush* v. *Kansas City L. Ins. Co.* (Mo.), 214 S. W. 175; *Missoula Trust & Sav. Bank* v. *Murphy,* 50 Mont. 355 [146 Pac. 941] ; *Robertson* v. *Ridenour-Baker Co.,* 100 Kan. 133 [163 Pac. 655] ; *St. Nicholas Church* v. *Kropp,* 135 Minn. 115 [L. R. A. 1917D, 741, 160 N. W. 500].) Therefore there was no error committed in denying a jury.

[2] "Appellant contends next that the evidence without conflict proves that prior to the attempted change of beneficiaries the insured made a gift of the policy to her. This contention is based upon the testimony given by appellant to the effect that in 1908, the year following her marriage, Broderick handed said policy to her and said: 'Here is a little present for you'; that she took the policy, afterwards placed it in a safe deposit box to which she and her husband had joint access and that she continued thereafter to retain possession of said policy. Her testimony, however, was not the only evidence in the case upon this point. The record discloses that respondent offered proof of Broderick's declarations and also circumstances bearing upon his conduct in subsequently dealing with said policy which were inconsistent with the theory of a previous gift, and tended to show that no such gift was made or intended to be made. It would therefore seem that a conflict of evidence is presented on that point and therefore the finding of the trial court is controlling. [3] Furthermore, in determining the ques-

tion of the validity of a gift the matter of the intent with which the delivery is made is always an important and essential element to be considered. Unless the donor intends to divest himself completely of control and dominion over the property given, the gift is incomplete and ineffectual. What that intention was is a question of fact to be decided by the trial court, upon all of the evidence in the case. (*Estate of Hall,* 154 Cal. 527 [98 Pac. 269].) **[4]** The policy of insurance here provided that the insured had the right to change the beneficiary from time to time but 'that in case the insured shall at any time designate any person as Absolute Beneficiary hereof or assigns this policy, said right to change the beneficiary shall thereupon cease. . . . ' Appellant was not designated as 'Absolute Beneficiary.' Assuming therefore that her testimony concerning the alleged gift be taken as true, there was still the question of fact for the trial court to determine as to whether Broderick intended the delivery of the policy as an absolute gift, or whether he reserved, as stated in the policy, the right to afterwards change the beneficiary. The conclusion of the trial court upon that point is also controlling.

**[5]** "It was also found that there had been an assignment of the duplicate policy by the decedent to his sister Anita. Appellant attacks that finding upon two grounds; first, that the proceeds of said policy constituted community property and that therefore decedent did not have legal authority to assign said policy, without appellant's consent, and secondly, that the evidence is insufficient in any event to establish an assignment. The fact that appellant paid the premiums on said policy each year from 1908 to 1912, inclusive, presumably from community funds, apparently sustains appellant's contention that she had a community interest in said policy. (*New York Life Ins. Co.* v. *Bank of Italy,* 60 Cal. App. 602 [214 Pac. 61].) But the law of this state as it stood at the time this transaction occurred, gave the husband power to make a valid transfer of the community property for a valuable consideration, without the written consent of the wife. We are of the opinion that the evidence here is sufficient to justify the conclusion that the transfer and assignment of the policy in question were made to respondent in consideration of money previously borrowed by the decedent from her and which remained unpaid at the

time the transfer and assignment of said policy was made. The evidence in this regard shows that Broderick was a marine engineer and spent much of his time upon the seas. His sister, the respondent, was engaged in business in San Francisco, but lived in Berkeley with her mother whom she supported. After Broderick's marriage, his wife, with his consent and co-operation, engaged in the apartment or rooming-house business in San Francisco. They were financially assisted in these enterprises by respondent. The latter testified that when the change of the beneficiary took place in 1913, her brother was 'then' indebted to her in the sum of $1000, which he paid, and that afterward he borrowed another thousand dollars, which he did not repay; that when he died he was still indebted to her in the sum of $1000. In the early part of the year in which the name of the beneficiary was changed, and prior thereto, Broderick was stricken with illness, taken to a hospital and operated upon. During the month of May of the same year and before he had entirely recovered from the effects of the operation, he left the hospital and went first to his wife's apartments in San Francisco for a day or two and then to his sister's home in Berkeley. About that time he and his wife had a disagreement. When he went to his sister's home in Berkeley he was sick, despondent and penniless, being required to borrow sufficient money from his sister to pay his car-fare from San Francisco to Berkeley. Later in 1915, Broderick, in explaining to his brother why he was obliged to borrow money from his sister at all, said that he had kept his money in a safe deposit box in a bank and that 'when he left Adelaide he went to the safe deposit box and it was cleaned out, that even his insurance policy was missing.' On the evening of the day he arrived at his sister's home he told his sister that he intended to go away and he did not know when, if ever, he would return; that he wanted to make over his life insurance to her. He remained at his sister's home until May 26, 1913, when he accepted a position aboard ship and sailed for Seattle, thence to the Atlantic coast, and he did not return to California until the following January. After his departure for Seattle, respondent received from said insurance company the necessary papers for her brother to sign in order to consummate the transfer of the policy

to her, and she forwarded these papers to her brother at Seattle. Later she received from the home office of said insurance company said duplicate policy duly issued with the change of beneficiary regularly indorsed thereon, and upon the return of her brother to California the following January she informed him of that fact. While, as appellant claims, there is no direct evidence that the transfer of said policy was made to respondent in consideration of said unpaid loan, nevertheless, it is manifest, from the circumstances narrated, that such was the fact. We think the argument made by appellant to the effect 'that the transfer to respondent was made as a gift or voluntary disposition for the benefit of the mother of the insured' is unsound for the reason that if such were his purpose, there was apparently no reason why he could not have made the transfer to his mother. The statements made by the decedent at the time he declared his intention of transferring said policy to his sister can be readily accounted for upon the theory that he realized that it was an injustice for his sister to be charged with the entire support of his mother, and that he was morally obligated to square his financial indebtedness with his sister as far as his ability would allow, in order that her burden in the matter of the support of his mother might be lessened to that extent.

"The evidence is also sufficient to support the finding of an assignment of said policy to respondent. Appellant concedes that under the circumstances a transfer in writing was not essential. (Civ. Code, sec. 1052.) [6] When the name of the beneficiary was changed and the policy was delivered to respondent, the relationship of the assignor and assignee was that of debtor and creditor; a delivery of the policy, under such circumstances, constituted an effectual transfer of the proceeds of the policy. (*Nixon* v. *Malone* (Tex. Civ.), 95 S. W. 577.)

[7] "The final contention of appellant is that the change of beneficiary was invalid because the original policy was not surrendered, as required by the provisions of said policy. The contention is answered by the decision in *Jory* v. *Supreme Council, A. L. H., supra,* wherein it is held that where the surrender of a certificate is made impossible by the refusal of the beneficiary to surrender it, equity will treat the

surrender as duly made, and in legal effect the certificate is deemed as lost.''

In order to accentuate the principles of law announced by the district court of appeal we feel justified in making reference to a few of the decisions of this state and quoting briefly from the text of some of the cases which appear to be conclusive on the main questions pressed in the petition for a hearing. We are quite well satisfied, however, that the appellant was not entitled to a jury trial. In *Adams* v. *Grand Lodge, A. O. U. W.*, 105 Cal. 325 [45 Am. St. Rep. 45, 38 Pac. 915], this court stated in passing upon a similar question: ''But the conditions facing us are simply these: two litigants, standing upon a common level, *submit to a court of equity their respective claims of ownership to a special fund of money*, and ask that court to do justice, in the light, and under the guidance of those equitable principles which form the glory of that forum.'' (Italics ours.) (*Jory* v. *Supreme Council*, 105 Cal. 20 [45 Am. St. Rep. 17, 26 L. R. A. 733, 38 Pac. 524].)

''An intervention merely adds new parties for the purpose of determining all conflicting claims to the matter in controversy and does not affect the nature of the action, so that the plaintiff in an action at law is not deprived of his right to a jury trial by an intervention praying for equitable relief; . . . but on a bill in the nature of a bill of interpleader the proceeding is purely equitable and neither party is entitled to a jury as a matter of right, and an action at law becomes by interpleader proceedings an equitable action in which neither party can demand a jury trial.'' (24 Cyc. 114.) (See, also, 33 C. J. 463, sec. 54.)

The policy of insurance in this case reserved to the assured the right to change the beneficiary. The rule in such cases is well stated in *New York Life Ins. Co.* v. *Bank of Italy*, 60 Cal. App. 602 [214 Pac. 61], wherein it is said: ''It is true that under a policy reserving to the assured the right to change the beneficiary the interest of the designated person prior to the death of the insured is a mere expectancy in an inchoate or incomplete gift, which is subject to revocation at the will of the insured, and that the power of revocation which would defeat it might be exercised up to the moment of his death. When, therefore, the deceased substituted the

different enumerated persons in the place of his estate as beneficiaries he initiated a gift which, in the case of appellant, became complete by the death of the insured without revocation. And this is so notwithstanding that the premiums were paid from community funds. (*McEwen* v. *New York Life Ins. Co.*, 23 Cal. App. 694 [139 Pac. 242]; *Shoudy* v. *Shoudy*, 55 Cal. App. 447, 203 Pac. 437].)''

In the instant case, it evidently appeared to the trial court that there was no satisfactory evidence of a contract inuring to the benefit of the assured and the appellant, but there is evidence of an obligation owed by the assured to the respondent. ''In the absence of a contract of some character inuring to the benefit of a beneficiary, the mere fact of payment of assessments by such an one is not sufficient to create equities in his favor, for the courts of the land say that such payments are to be treated as gifts.'' (*Jory* v. *Supreme Council, supra.*)

[8] It is no doubt the settled law of this state that, where the premiums on an insurance policy issued on the life of a husband after coverture are paid entirely from community funds, the policy is a community asset, and, in view of the provisions of section 172 of the Civil Code, the husband cannot make a valid gift thereof without the written consent of the wife; and that where the husband attempts to do so, by naming a third party as beneficiary, the transaction as to the wife's share is voidable and subject to her right of revocation. This principle, however, has no application to the facts of the instant case, inasmuch as there is evidence in the record tending to support the implied finding of the trial court that the designation of the respondent as beneficiary of the proceeds of the policy was made by the assured for a valuable consideration.

Whether the loan of $1,000, made upon the two occasions adverted to by the district court of appeal, would alone be sufficient to satisfy the requirements of section 172 of the Civil Code, as to a valuable consideration, nevertheless, in the light of the brother's situation and the transactions and relations that existed between him and his sister, they are not without weight taken in connection with the care, support, maintenance and nursing which the brother received from mother and sister while ill, and also other accommodations thereafter furnished him upon his subsequent return

to their home—matters doubtless within the contemplation of the brother at the time he conceived the purpose of substituting the sister for the wife—and may be sufficient to support the implied finding that there existed a valuable consideration for the substitution of the sister for the wife in the policy.

We are of the opinion that sufficient consideration has heretofore been given to all the questions raised upon the appeal.

The judgment appealed from is affirmed.

Richards, J., Waste, J., Lawlor, J., Lennon, J., and Shenk, J., concurred.

Rehearing denied.