### MAYNARD v. VANDERWERKER.

(Supreme Court, Special Term, Kings County. June, 1893.)

INSURANCE—CHANGE OF BENEFICIARY—VESTED INTEREST.

Where a person became a member of a mutual benefit association under an agreement with the person designated in the certificate as beneficiary that the beneficiary should pay all the assessments, and they were so paid, the beneficiary acquired a vested interest in the certificate, and the member could not afterwards make another designation.

Action by Maynard against Angelina Vanderwerker to determine the right to a death benefit under a certificate issued to one Ray R. Smalley, who afterwards became plaintiff's wife, in the Knights and Ladies of Honor, a mutual benefit society. This certificate named defendant as beneficiary. After her marriage to plaintiff, Mrs. Maynard procured another certificate to be issued, in favor of plaintiff. Judgment for defendant.

Sidney Williams and E. B. Barnum, for plaintiff.
Thomas E. Pearsall and Isaac M. Kapper, for defendant.

BARTLETT, J.   The proof on the trial utterly failed to establish the defense that the request of Ray R. Maynard for the issue of a new certificate to her husband was obtained by fraud or undue influence, or that Mrs. Maynard was at the time mentally incapable of executing said paper.   I expressed an opinion to this effect at the close of the hearing, but reserved my decision in order to consider the evidence offered in support of the other defense, which was, in effect, that, by reason of an agreement with her aunt in reference to her insurance, Mrs. Maynard had precluded herself from making any change in the beneficiary which should deprive Mrs. Vanderwerker of the right to collect the amount specified in the certificate whenever that amount became payable.   A careful consideration of that evidence has led me to the conclusion that this defense must be regarded as made out.   Mrs. Margaret Taws, a disinterested witness, testified to admissions and declarations made by Miss Smalley before her marriage to the plaintiff, and therefore before the change of beneficiary.   No objections were made to this testimony, and, even if there had been, I think it was receivable against the plaintiff, under the doctrine of Steinhausen v. Association, 59 Hun, 336, 13 N. Y. Supp. 36, and the cases there cited.   The plaintiff was not an assignee of the certificate, for value.   During the lifetime of his wife "the designation was in the nature of an inchoate or unexecuted gift, revocable at any moment by the donor." Smith v. Society, (N. Y. App.) 25 N. E. Rep. 197.   That is, assuming that the donor has not previously made a contract by which a vested interest had passed to her aunt.   According to the testimony of Mrs. Taws, she had a conversation with Miss Smalley not long before her marriage to Mr. Maynard, in which Miss Smalley said she was insured for her aunt; that she would never change her policy; that she got insured for the benefit of her aunt, who had brought her up, and been a mother to her; and that whether she lived or died, married or single, the policy belonged to her aunt. Speaking still further of Mrs. Vanderwerker, Miss Smalley added, "She has also paid the assessments; so it don't belong to me, anyway."   On cross-examination the same witness said that Miss Smalley had told her all these things twice, and always said that the policy was not hers, but her aunt's.   In addition to these admissions and declarations, we have the direct and positive testimony of Mr. Vanderwerker, showing that it was the original intention

of the niece to be insured for the benefit of her aunt, who should pay the assessments, and that the money for some of the assessments, at all events, was furnished by the defendant. From the evidence of Mr. Vanderwerker alone, it would be impossible to find as a fact that his wife furnished the money to pay all the assessments, or, indeed, to determine how many were paid with money which she supplied; but, in view of the declarations of the niece to Mrs. Taws, there is no difficulty in reaching the conclusion that, up to the time when those declarations were made, the money for the assessments, no matter who performed the physical act of paying it to the society, proceeded from the purse of the defendant. If this is so, it seems to me clear that Mrs. Vanderwerker, by virtue of the agreement with her niece before any certificate was taken out, and by reason of having furnished the money to pay the assessments thereon, had acquired a vested interest in the certificate, of which her niece was powerless to deprive her by procuring a new certificate to be issued, containing her husband's name as beneficiary. As was said by the court of appeals in the case of Smith v. Society, supra, the statute of 1883, permitting a change in the payee or beneficiary of the insurance, does not prevent a contract between the member and the beneficiary, by virtue of which a vested interest does pass to the latter. I think such a vested interest did pass to Mrs. Vanderwerker before the new certificate was obtained, substituting Mr. Maynard's name for hers, and consequently the attempt on the part of the insured to transfer the right to collect the insurance money by means of such new certificate must be deemed ineffectual in law.

It is suggested in behalf of the plaintiff that the defense that Mrs. Vanderwerker had thus acquired a vested interest in the insurance certificate was a mere afterthought, inasmuch as it was not set out in the original answer. The facts, however, which lead to the legal conclusion of a vested beneficial ownership, appear to have been set forth in an affidavit filed in an early stage of the action, and are also mentioned in the letter from Mrs. Vanderwerker to Mr. Harvey. The statement in the postscript to that letter to the effect that the certificate was never called for by Mr. or Mrs. Maynard, and could have been had at any time if Mrs. Maynard so desired, is not necessarily inconsistent with the defense now under consideration. It was evidently inserted simply to controvert the idea that the certificate had ever been lost. The testimony of Mr. Livingston that on one occasion, when Miss Smalley obtained money to pay an assessment from Mrs. Vanderwerker, the latter said she would lend it, but her niece must be sure to pay it back, certainly tends to prove a loan at that time; but it may fairly be inferred from the niece's declarations to Mrs. Taws, which have already been discussed, that if this payment was deemed a loan it was because Mrs. Vanderwerker had already given Miss Smalley a sufficient amount with which to pay the assessment, which her niece had applied to some other purpose. The statute closes the mouth of the defendant as to any personal transactions between

her and Mrs. Maynard. In equity, the claim of the aunt, with whom the insured had lived, practically as a daughter, for many years, seems quite as strong as that of the plaintiff, who married her only a few months before her death. The evidence to which I have referred as sustaining the position of the defendant impresses me as truthful, and I think it is sufficient, in law, to entitle her to judgment. Judgment for defendant, without costs.