[Sac. No. 541.   Department Two.—June 9, 1899.]

HELEN JANE GRIMBLEY, Respondent, v. C. H. HARROLD, Appellant; and THE GRAND LODGE OF A. O. U. W. OF CALIFORNIA, Respondent.

BENEFIT SOCIETY—CONTRACT OF MEMBER WITH BENEFICIARY.—The valid contract of a member of a benefit society, such as the Ancient Order of United Workmen, whereby he assumes to dispose of his interest in the beneficiary fund of the order—virtually the proceeds of a policy of life insurance—and agrees not to change the beneficiary in consideration of the payment by the beneficiary of all dues and assessments against such member, if not in conflict with the lawful conditions upon which the order grants the insurance, is effectual as against the subsequent attempt of the member to change or annul it.

ID.—BENEFICIARY CERTIFICATE—PROPERTY RIGHT—POWER OF JUDICATORIES.—The beneficiary certificate issued to the member, like a policy of insurance, evidences a valuable right of property, of which he may dispose by valid contract; and it is not competent for the order, while clothing the member with such right, to confer upon its internal judicatories the sole power of determining the fact and consequences of any disposition which he may make of it.

ID.—RIGHTS OF BENEFICIARY—DECISION OF BOARD OF ARBITRATION—APPEAL—JURISDICTION OF COURTS.—The decision of the board of arbitration of the order upon the rights of a beneficiary who is not a member of the order is not conclusive as to those rights; and the beneficiary is not bound to appeal therefrom to the grand lodge, but may submit to the jurisdiction of the courts of the state the questions whether the member contracted with the beneficiary, as alleged, and what rights, if any, were thereby acquired.

ID.—PRESENTATION OF PROOFS—ARBITRATION.—The presentation of proofs by the beneficiary to the order cannot convert a hearing before a committee of the order, in whose selection the beneficiary had no choice, into an arbitration binding upon the beneficiary; and it is immaterial that such committee is called a board of arbitration.

ID.—CHANGE OF BENEFICIARY—SUPERIORITY OF RIGHT—ESTOPPEL—NOTICE PUTTING UPON INQUIRY.—Upon an attempted change of beneficiary by the member, after having disposed of his rights by valid contract with a prior beneficiary, the newly-appointed beneficiary cannot claim a superior equitable right, nor an estoppel, as against the prior beneficiary, merely because no information was given as to the terms of the contract under which the prior certificate was held when its surrender was demanded by the member, it being sufficient to put the new beneficiary upon inquiry as to the ground of the claim of the former beneficiary that he had notice that the right of the member to change the certificate was denied by the prior beneficiary.

ID.—CONSIDERATION OF CONTRACT—PLEADING — EVIDENCE—FINDINGS.— Under a complaint alleging that the consideration of the contract pleaded was the agreement of the beneficiary to pay all dues and assessments against the member, evidence that part of the consideration was that care was bestowed on the member, who was an uncle of the beneficiary, during his illness, is admissible and relevant as tending to make probable the matter averred; and a finding based upon such evidence is not prejudicial, if not within the issues, when the facts found within the issues show a valid contract.

EVIDENCE—CROSS-EXAMINATION—DISCRETION—APPEAL.— The extent to which the cross-examination of a witness shall be carried is, in some degree, a matter of discretion in the trial court; and its ruling will not be disturbed upon appeal if no abuse of discretion appears.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion.

Budd & Thompson, for Appellant.

Plaintiff must make out a case against Harrold that would entitle her to recover against the order. (Niblack on Benefit Societies, secs. 222, 354; *Ballou v. Gile*, 50 Wis. 614; *Keener v. Grand Lodge*, 38 Mo. App. 543; *Wendt v. Iowa Legion of Honor*, 72 Iowa, 682; *McLaughlin v. McLaughlin*, 104 Cal. 171; 43 Am. St. Rep. 83; *Chosen Friends v. Bennett*, 47 N. J. Eq. 39.) If plaintiff was not bound by the by-laws to submit her claim to

the board of arbitration, by submitting it, the law implies an agreement from the fact of such submission to be bound by the judgment of the board. (*Robinson v. Templar Lodge*, 97 Cal. 62.) When a suit has been brought to recover benefits, it is a good defense to show that plaintiff has agreed to submit her demand to the tribunals of the order for decision under prescribed rules, and that she has not done so. (*Robinson v. Templar Lodge*, 117 Cal. 370; 59 Am. St. Rep. 193; *Levy v. Magnolia Lodge*, 110 Cal. 297.) If the by-laws of an order prescribe it, beneficiaries must first resort to the tribunals of the order before an action can be maintained in the civil courts. (*Canfield v. Great Camp*, 87 Mich. 626; 24 Am. St. Rep. 186.) Even if there was the contract between plaintiff and Shelton alleged in the first count of the complaint, plaintiff thereby acquired no vested interest in the certificate or its proceeds. (*Jory v. Supreme Council*, 105 Cal. 28; 45 Am. St. Rep. 17.) Harrold was an innocent beneficiary, without notice of the contract with plaintiff, and he has superior equities. (*Jory v. Supreme Council, supra.*) Equity will not permit plaintiff to take advantage of her own wrong. (*Hoeft v. Supreme Lodge*, 113 Cal. 91.)

C. B. Parkinson, for Plaintiff, Respondent.

It was necessary that plaintiff should apply to the order for payment, otherwise a suit would have been prematurely brought. *Robinson v. Irish-American B. Soc.*, 67 Cal. 135.) There was no submission to arbitration. (*Kumle v. Grand Lodge, A. O. U. W.*, 110 Cal. 204, 210-12.) The rule that a member must exhaust his remedies in the order does not apply to such a case as this. (1 Bacon on Benefit Societies, sec. 94; 2 Bacon on Benefit Societies, sec. 400 a; *Splawn v. Chew*, 60 Tex. 533; *Martin v. Stubbings*, 126 Ill. 387; 9 Am. St. Rep. 620; *Jory v. Supreme Council, etc.*, 105 Cal. 26; 45 Am. St. Rep. 17.) Payment of the money into court is a waiver by the order of its by-laws. (1 Bacon on Benefit Societies, 633; *Adams v. Grand Lodge*, 105 Cal. 321; 45 Am. St. Rep.45.) Parties cannot by agreement oust the courts of jurisdiction. (*Kumle v. Grand Lodge, A. O. U.W., supra.*) Plaintiff had a vested interest under her contract. (*Jory v. Supreme Council, etc., supra; Hoeft v. Supreme Lodge, K. of H.*, 113 Cal. 91; *Yore v. Booth*, 110 Cal. 238; 52 Am. St. Rep. 81; *Smith v.*

*National Ben. Soc.*, 123 N. Y. 850; *Maynard v. Vanderwerker,*
30 Abb. N. C. 134; 24 N. Y. Supp. 932.)

BRITT, C.—There was evidence at the trial of this action
that in the summer of the year 1894 the plaintiff, a young
woman, upon the request and at the expense of one Frederick
Shelton, her uncle, left her home in England and came to this
state, where said Shelton resided, for the purpose of caring for
him in sickness; he proposing in rather indefinite terms to make
some provision for her, saying, among other things, that he had
some papers he wanted her to have.   Shelton was then and had
been for several years previously a member of the society called
the Ancient Order of United Workmen, which has for one of
the purposes of its organization the payment of a sum of money
—two thousand dollars—upon the death of any member "to
such person as he may while living direct, according to the rules,
laws, and regulations of the order"; he held the usual "benefi-
ciary certificate," declaring his right of membership in said or-
der and his right to designate the beneficiary of said fund.   The
rules, laws, and regulations aforesaid allow any member to
change his direction for payment of such money, and on August
16, 1894, Shelton surrendered the said certificate previously is-
sued and obtained from the defendant Grand Lodge of said
order the issuance of another, wherein he designated the plain-
tiff as the beneficiary thereunder; which new certificate he at
once delivered to the plaintiff.   Regarding this transaction, the
plaintiff alleged in her complaint, and the court found in sub-
stance, on sufficient evidence, that at and prior to the time of
the delivery of such certificate to plaintiff it was agreed between
Shelton and herself that she should thereafter pay all his dues
to said order and all assessments levied by it against him, and
that she should be the beneficiary to receive said sum of two
thousand dollars at his death, and that he would not change
the certificate in that behalf; that plaintiff accordingly did pay
such dues and assessments after said August 16, 1894, and until
July, 1895, when the order declined to receive the same from her
further, for the reason that Shelton, in April, 1895, had again
changed the designation of the beneficiary of his insurance, nam-
ing the defendant Harrold, and had procured a new certificate
to be issued in Harrold's favor, although plaintiff did not con-

sent to such change and still held the certificate of August 16, 1894, and refused to surrender the same. The court also found, though this circumstance was not alleged in the complaint, that plaintiff further undertook, as part of her said agreement with Shelton, that she would personally care for him as long as she was able, and that she performed this promise except as excused or prevented by Shelton from so doing. There were other findings that besides procuring the new beneficiary certificate of April, 1895, in Harrold's favor, Shelton also conveyed to him other property, real and personal—all upon certain trusts which Harrold undertook to execute; that out of funds thus derived Harrold paid certain debts of Shelton and his dues and assessments as a member of said order in July and August, 1895; and that Harrold had no knowledge of any contract between Shelton and plaintiff respecting said insurance money until after Shelton's death, but did know of her refusal to surrender the certificate she had received from Shelton or to consent to his proposed change of the beneficiary thereof. Shelton died August 18, 1895.

Among the rules of said order it is provided that a board of five members to be appointed by the grand master workman shall constitute "a board of arbitration to hear and determine all controverted questions which may arise as to the disbursement of the beneficiary fund under the control of the grand lodge, . . . . and as to the liability of the grand lodge for any claim made against it by those claiming to be the beneficiaries of deceased members, and also as to who are entitled as beneficiaries when conflicting claims are set up"; and that the decision of said board shall be conclusive, subject to appeal to the grand lodge or supreme lodge, "it being the purpose of this provision that all these rights shall be thus determined without recourse to the courts of law." After Shelton's death plaintiff presented to said Grand Lodge her claim for payment of the said certificate of August 16, 1894, and her protest against payment of the subsequent certificate in favor of Harrold; whereupon, under the regulation just mentioned, the grand master appointed a board of arbitration which heard such claim and protest and decided adversely to plaintiff. She took no appeal to any other tribunal of the order, but instead brought this action against said Grand

Lodge and Harrold. The answer of the Grand Lodge herein is, in effect, that it holds the sum of two thousand dollars to be paid to the party which the court by its judgment may decide to be entitled to receive the same. Judgment went for plaintiff, requiring the Grand Lodge to pay the money to her, and declaring that defendant Harrold is not entitled to any part thereof. Harrold has appealed.

Decisions of the courts of other states differ regarding the effect to be given to the contract of a member in societies such as the Ancient Order of United Workmen, whereby he assumes to dispose of his interest in the beneficiary fund of the order— virtually the proceeds of a policy of life insurance; but the question is hardly an open one here—so strong have been the intimations of this court that such a contract, when valid and not in conflict with the lawful conditions upon which the order grants the insurance, is effectual as against the subsequent attempt of the member to violate or annul it; and this must be held to be the law. (*Jory v. Supreme Council L. of H.*, 105 Cal. 20, 29; 45 Am. St. Rep. 17; *Adams v. Grand Lodge A. O. U. W.*, 105 Cal. 325; 45 Am. St. Rep. 45; *Hoeft v. Supreme Lodge K. of H.*, 113 Cal. 91; *Leaf v. Leaf*, 92 Ky. 166; *Smith v. National Ben. Soc.*, 123 N. Y. 85; *Maynard v. Vandewerker*, 30 Abb. N. C. 134; 24 N. Y. Supp. 932.) The case last cited, which is precisely in point here, was decided at special term and the judgment was reversed on appeal upon a question of fact; but the opinion then delivered proceeds on the assumption that the law held by the trial judge was correct. (*Maynard v. Vandewerker*, 27 N. Y. Supp. 714; 76 Hun, 25.)

Appellant urges that, as plaintiff took no appeal from the decision of the board of arbitration, she is concluded thereby; that this is the effect of the laws of the order under which the beneficiary certificate was issued. But the certificate issued to Shelton, like a policy of life insurance, evidenced a valuable right of property, and we cannot concede that it was competent for the order, while clothing him with such right, to confer upon its internal judicatories the sole power of determining the fact and consequences of any disposition he might make or attempt to make of it. Suppose Shelton had been permitted to designate a beneficiary by last will and testament; it would seem to

be an extraordinary proposition to say that the society could confer on its own tribunals exclusive power to determine—in relation to the proceeds of the certificate—whether any will had been executed, allow or refuse it probate, and decide how it should be construed. The case before us is in principle but little different. The order in this instance has with entire fairness declared its indifference between the contending claimants, but the appellant, Harrold, insists that to entitle her to recover as against him the plaintiff must make a case on which she would be entitled to recover against the order, and cites some authorities to that effect. However that may be, we think the questions whether Shelton contracted with the plaintiff, as she alleged, and, if he did, what right she acquired in the subject of the contract, pertained to the jurisdiction of the courts of the political sovereign, the state, and it was not compulsory upon her to resort elsewhere. (*Burlington etc. Relief Dept. v. White*, 41 Neb. 547; 43 Am. St. Rep. 701; *Daniher v. Grand Lodge A. O. U. W.*, 10 Utah, 110; see, also, *Whitney v. Association*, 25 Minn. 378; Bacon on Benefit Societies, secs. 71, 450; *Moore v. Woolsey*, 4 El. & B. 243.) Nothing to the contrary was held in *Robinson v. Templar Lodge*, 117 Cal. 370; 59 Am. St. Rep. 193; that was a dispute between a member and the organization concerning rights founded immediately on the contract of membership, and which the member had, by assenting to its rules, agreed to submit to its tribunals. The plaintiff here is not a member of the order, and her cause of action contains an element wholly foreign to its laws, viz., her contract with Shelton.

It is contended, however, that plaintiff voluntarily left her demands to arbitration, and must abide by the result, even though the rules of the order in that behalf were not binding on her. The assumption of fact for this argument fails; the plaintiff presented to the Grand Lodge her demand for payment to herself and protest against payment to Harrold; this was a proper course, whatever other proceedings she designed to take; the Grand Lodge did not respond directly; her demand and protest were assigned for hearing to the board appointed by the grand master; although called a board of arbitration it lacked, as concerned the plaintiff, a prime essential of a legal body of arbitrators in that she had no voice in selecting its members;

it was really but a committee upon which under the rules of the order was devolved the duty of answering plaintiff's demand; the fact that she produced evidence before it to support her claims could not convert the hearing into an arbitration—any more than if she had presented her proofs before the Grand Lodge itself. (Compare *Kumle v. Grand Lodge A. O. U. W.,* 110 Cal. 204.)

Appellant claims that the court should have held his equitable right to receive the money to be superior to that of plaintiff. This is asserted mainly on the circumstance that plaintiff did not inform him of her contract with her uncle at the time the latter demanded the surrender of the certificate she held in order that a new one might be issued to Harrold. But it appears that Harrold knew that plaintiff held the certificate and that she denied the right of her uncle to deprive her of its benefits; this was sufficient to put him on inquiry as to the ground of her claim, and we cannot hold that she is estopped by failure to disclose to him particulars of which, so far as appears, he did not inquire.

It is objected that the court erred in receiving evidence that the plaintiff bestowed care on her uncle during his illness, and that this was part of the consideration for his agreement to make her the beneficiary of his insurance—on the ground that the complaint contained no allegation that she agreed to render such attentions; it is said also that the finding on this subject was beyond the issues. But the evidence tended to exhibit the relative situation of the parties toward each other and hence to make more probable the matter which was averred, viz., that Shelton, in consideration of her payment of his dues and assessments, agreed that she should receive the insurance; it was therefore relevant. And if the finding was beyond the issue—which we do not decide—yet, as the facts found *within* the issue were sufficient evidence of a valid contract, the appellant is not injured.

Plaintiff testified that she paid her uncle's dues and assessments, as she agreed with him, from her earnings at domestic service. On cross-examination counsel sought to ascertain whether she had funds sufficient for this purpose—with a view apparently to showing that the money she paid was really fur-

nished by Shelton; she testified that she took some instruction in music, but paid for it out of her own money; counsel inquired how much she paid for the lessons, and the court sustained an objection to the question. Perhaps the question was proper cross-examination in the abstract; but the ultimate matter to be developed by this line of inquiry was whether she paid the assessments from funds supplied for that purpose by her uncle, and upon this it appears that appellant's counsel did examine her fully and educed quite explicit answers; the extent to which cross-examination shall be carried is in some degree a matter of discretion with the trial court, and we cannot say that in this instance its discretion was abused. Other points argued are not important. We discover no material error in the record. The judgment and order denying a new trial should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.