# GRAND LODGE OF THE BROTHERHOOD OF RAILROAD TRAINMEN *v.* GROVES.

LIFE INSURANCE; DELIVERY OF APPLICATION; LIMITATION OF ACTIONS.

1. Under sec. 657 of the District Code (32 Stat. at L. 534, chap. 1329), providing that every life insurance company, benefit order, and association shall deliver with each policy a copy of the application, in default of which no defense shall be allowed to a policy on account of anything contained in, or omitted from, the application, the defense that the insured misstated his age in his application is not available to a grand lodge of the Brotherhood of Railroad Trainmen in an action on an insurance certificate issued to him, where the application was not attached to the certificate, nor a copy of it delivered with the certificate, or at any other time.

2. The statement in an insurance certificate of a fraternal order, that it is issued on the express condition that the insured shall comply with the constitution, which is made a part thereof, does not make a section of the constitution requiring an action on the certificate to be brought within a certain time a part of the contract of insurance so as to defeat an action commenced after such time; since under the provision of sec. 657 of the District Code (32 Stat. at L. 534, chap. 1329), that a copy of the application shall be delivered with every policy "so that the whole contract may appear in said application and policy," nothing can be regarded as part of the contract which is not physically embodied in the policy or application. (Citing *Rudolph* v. *United States*, 37 App. D. C. 455; and *United States ex rel. Gribble* v. *Ballinger*, 33 App. D. C. 211.)

No. 3032.   Submitted October 8, 1917.   Decided November 8, 1918.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, for want

---

NOTE.—Authorities discussing the question as to what must be attached in order to satisfy requirement that "application" be attached to policy. are collated in a note in 18 L.R.A.(N.S.) 1190.

As to necessity of attaching application, or copy thereof, to policy, see notes in 63 L.R.A. 867, and 23 L.R.A.(N.S.) 982.

of a sufficient affidavit of defense, in an action on a fraternal benefit certificate.                                   *Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellant, Grand Lodge of the Brotherhood of Railroad Trainmen, hereinafter referred to as the Brotherhood, on December 2, 1903, issued, through a lodge doing business in this city, an insurance certificate upon the life of J. P. Groves, one of its members, which provided for the payment of $1,500 to his wife, Sallie Anne Groves, the appellee, upon his death. The insured died in 1913. Application having been made by his widow for the payment of the amount of the certificate, the Brotherhood declined to pay it. She brought suit March 19, 1915, which was defended by the Brotherhood on the grounds: (a) That the insured in his application for insurance misrepresented his age; and (b) that the action was barred because not brought within six months, as provided by the constitution of the Brotherhood. The court found that neither ground was well taken, and entered judgment in the sum of $1,500.

*Mr. Henry P. Blair* and *Mr. Arthur Hellen* for the appellant.

*Mr. W. Gwynn Gardiner* and *Mr. Blaine Coppinger* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

It is undisputed that Groves's application was not attached to the certificate, nor was a copy of it delivered to him with the certificate, or at any other time. Prior to June 30, 1902, sec. 657 of the Code provided: "Each life insurance company doing business in the District of Columbia shall attach to each policy issued by such company a copy of the application made by the insured, so that the whole contract may appear in said

application and policy." [31 Stat. at L. 1294, chap. 854.] This did not cover policies (certificates) issued by fraternal beneficial associations. But on that date the section was amended to read: "Each life insurance company, benefit order, and association doing a life insurance business in the District of Columbia shall deliver with each policy issued by it a copy of the application made by the insured, so that the whole contract may appear in said application and policy, in default of which no defense shall be allowed to such policy on account of anything contained in, or omitted from, such application." (32 Stat. at L. 534, chap. 1329.) This section as amended was in force more than fifteen months before Groves's certificate emerged. The appellant is undoubtedly a benefit order or association which was doing a life insurance business in this District at the time the certificate was issued, and is subject to sec. 657. Under that section the defense that the insured misstated his age in his application is not available to it, because a copy of the application was not delivered with the policy, or at any other time, to the insured.

The constitution of the Brotherhood provides in sec. 64 that all right of action upon certificates shall be absolutely barred unless "action shall be commenced in some court of competent jurisdiction within six months after the final rejection of the claim by the Board of Insurance." Action was not brought within that time, and, because of this, appellant says, it is barred. According to the settled rule of the Federal courts, a provision like the one we are considering is valid as "a matter of contract to be enforced as any other term contained in the conditions embraced in the policy." *McElhone* v. *Massachusetts Ben. Asso.* 2 App. D. C. 397, 403; see also *Southern Exp. Co.* v. *Caldwell,* 21 Wall. 264, 269, 22 L. ed. 556, 558; *Riddlesbarger* v. *Hartford L. Ins. Co.* 7 Wall. 386, 389, 19 L. ed. 257, 259; *Thompson* v. *Phenix Ins. Co.* 136 U. S. 287, 298, 34 L. ed. 408, 413, 10 Sup. Ct. Rep. 1019.

But is it a part of the contract under examination? If not, it cannot be employed to defeat the action. Section 657, *supra,* after providing that a copy of the application shall be

delivered with each policy to the insured, says, "So that the whole contract may appear in said application and policy." By this language we think it was intended by the Code makers that no provision in the rules, or elsewhere, of an insurance company or fraternal order, which was not physically embodied in the policy or application, should be regarded as a part of the contract. Unless we give it this effect it is meaningless. In construing statutes no sentence, phrase, or word may be disregarded if it is reasonably possible to give it value. (*Montclair Twp.* v. *Ramsdell,* 107 U. S. 147, 27 L. ed. 431, 2 Sup. Ct. Rep. 391; *United States* v. *Gooding,* 12 Wheat. 460, 6 L. ed. 693; *Bend* v. *Hoyt,* 13 Pet. 263, 10 L. ed. 154; *Rudolph* v. *United States,* 37 App. D. C. 455, 460; *United States ex rel. Gribble* v. *Ballinger,* 33 App. D. C. 211, 215.) We find no insuperable objection to the consideration of the phrase under examination as an important part of the section. The manifest purpose of Congress in adopting it was to compel insurance companies, whether old line or fraternal, to state the entire contract either in the policy or the policy and application, so that the insured would be able to find the terms defining his obligations and rights as a policyholder in not more than two papers. But for this provision he might be compelled to search through upwards of a hundred pages of printed rules and regulations, most of which had no bearing whatever upon his rights, to ascertain the complete terms of his contract. We have no doubt that this was the purpose of the section, albeit not so clearly expressed as it might be; and this being so, it is our duty to construe it so that it shall accomplish the object for which it was enacted. (*Wood* v. *United States,* 16 Pet. 342, 10 L. ed. 987; *Webster* v. *Cooper,* 14 How. 488, 14 L. ed. 510; *Denn ex dem. Scott* v. *Reid,* 10 Pet. 524, 9 L. ed. 519.)

The certificate says that it is issued on the express conditions that Groves "shall comply with the constitution, by-laws, rules, and regulations  *  *  *  which  *  *  *  are made a part hereof." It may well be doubted whether this comprehends more than those parts which imposed obligations on him. It does not seem reasonable that it was the purpose of

the parties to obligate the insured to comply with the provision relative to the time of bringing suit, since it could not become operative until after his death. And if only the provisions with which he was to comply were made a part of the certificate, then the section with respect to the time of bringing suit was not included. There are reputable authorities which make a distinction of this character between regulations that deal with the duties of the member and those which affect the collection of the amount of the policy after his death. *Burlington Voluntary Relief Dept.* v. *White,* 41 Neb. 547, 560, 43 Am. St. Rep. 701, 59 N. W. 747; *Railway Pass. & F. C. Mut. Aid & Ben. Asso.* v. *Loomis,* 43 Ill. App. 599; *Grimbley* v. *Harrold,* 125 Cal. 24, 73 Am. St. Rep. 19, 57 Pac. 558, 560.

Be that as it may, we think Code sec. 657 could not be satisfied by making sec. 64 of the constitution of the Brotherhood a part of the contract by reference. For the reasons heretofore stated, it requires an actual incorporation in the certificate and application of every element of the agreement "so that the *whole* contract may appear in said application and policy." (Italics ours.)

The conclusion which we have reached is in nowise inconsistent with the decision in *Supreme Council R. A.* v. *Behrend,* 247 U. S. 394, 62 L. ed. 1182, 1 A. L. R. 966, 38 Sup. Ct. Rep. 522. In that case the question was as to whether or not a member of a fraternal order could change the name of the beneficiary in a certificate of insurance issued upon his life without the beneficiary's consent. The court disposed of the case upon two grounds: (a) That as a matter of general law, there being no special statute or rule of the association to the contrary, the member could change the beneficiary whenever he pleased; and (b) that the certificate before the court expressed "on its face" that the member had this power. The provision, then, which was relied upon appeared on the face of the contract, and thus complied with the requirements of sec. 657 as amended. Other questions were argued, but the court expressly limits its decision to the two points just mentioned.

Believing the record to be free from error, we affirm the judgment, with costs.                    *Affirmed.*