[Civ. No. 9184. First Appellate District, Division One.—June 5, 1935.]

BRADFORD M. MELVIN, as Executor, etc., Respondent, v. JOHN C. BERENDSEN et al., Appellants.

Dunne & Dunne for Appellants.

Abbott, Cannon, Appel & Dains and Cyril Appel for Respondent.

THE COURT.—The above action was brought by Horace W. Amphlett, since deceased, as assignee of the Wisnon Company, a corporation, to recover from the defendants the sum of $3,000 upon a contract executed by them. At the time of its execution Amphlett was a tenant of a certain building owned by the Wisnon Company, and defendant Berendsen was interested in a street-widening project along the street adjoining the building. It was understood that the work contemplated would require the taking of a portion of the structure, and that as a result the total space therein theretofore occupied by Amphlett and two other tenants would be diminished. The agreement—in which the Wisnon Company was named as first party and defendant Berendsen as second party—provided as follows: " . . . The said second party agrees to pay to the first party the sum of three thousand ($3,000.00) dollars lawful money of the United States upon the completion of said North B street extension work as and for a portion of the moving expenses of Horace W. Amphlett, Esq., or his assigns, of the San Mateo Times and Daily News Leader, in the event said Horace W. Amphlett, Esq., or his assigns, is moved to another location by reason of the doing of said public improvement work." Defendant New York Indemnity Company for a valuable consideration promised that defendant Berendsen would perform his agreement, and became bound on that account to the Wisnon Company in a sum in excess of the above amount.

It was alleged, and the court found, that Amphlett was removed from the building "by reason of the doing of said improvement work"; that he incurred on that account expenses exceeding the sum of $3,000, no part of which had been

paid by defendants or either of them to him or his assignor. Judgment was entered accordingly and defendants have appealed.

They denied that the removal was due to the improvement work, and contend that the finding thereon is unsupported; also that the trial court erroneously restricted the cross-examination of the plaintiff on that issue.

■ The evidence shows that the portion of the building occupied by Amphlett was not directly damaged or physically disturbed by the improvement, but that the space therein occupied by adjoining tenants was disturbed; that it became necessary to rearrange the interior of the building, including the space occupied by the plaintiff, in order to provide accommodations for the other tenants, and that this necessarily disturbed plaintiff's occupancy. Whether this was contemplated at the time the contract was made, and the provision in question was intended to meet the situation, was disputed. The record contains testimony from which an inference either way might be drawn. ■ The circumstances known to all parties at the time of the execution of a contract may be taken into consideration in determining the meaning intended (*Stein* v. *Archibald,* 151 Cal. 220 [90 Pac. 536]), and as a rule it should be interpreted most strongly against the party who caused any uncertainty to exist, such party being presumably the promisor (Civ. Code, sec. 1654). The construction given the instrument by the trial court appears in the circumstances to be consistent with the true intent of the parties; and where such is the case another interpretation will not be substituted on appeal even though it seems equally tenable (*Kautz* v. *Zurich etc. Ins. Co.,* 212 Cal. 576 [300 Pac. 34]).

■ Amphlett testified that he removed from the premises by reason of the improvement. He was cross-examined at length on this issue. The court, however, sustained objections to questions regarding the purchase of additional and larger printing presses, the increase in his business—which was that of a printer and publisher—and the fact that the new location was larger than the old. While affirmative answers to these questions would have had some probative weight, nevertheless the trial court has discretionary power over cross-examination, the exercise of which will be reviewed on

appeal only if such discretion has been abused (*Grembley* v. *Harrold,* 125 Cal. 24 [57 Pac. 558, 73 Am. St. Rep. 19]). We cannot say that such was the case here, or that as a reasonable probability the facts sought to be elicited would have affected the result. The conclusions of the trial court are supported by the evidence, and no error has been shown which would warrant a reversal of the judgment.

The judgment is affirmed.