[Civ. No. 2920. Fourth Dist. Nov. 7, 1941.]

HILMA DIERDORFF, Respondent, v. THE HOMESTEAD-
ERS LIFE ASSOCIATION (a Corporation), Defend-
ant; CARLTA O. BARTLETT et al., Appellants.

Blodget & Tobias for Appellants.

William A. Wood for Respondent.

BARNARD, P. J.—This is an action involving the proceeds of a death benefit certificate issued by a fraternal insurance association. The certificate or policy was originally issued by the Fraternal Brotherhood, a California corporation which was later merged with the Homesteaders Life Association, an Iowa corporation, licensed to do business in this state. That defendant paid the amount due under the policy into court to abide the result of this action, and the controversy here is between the named beneficiary, who is the divorced wife of the insured, and his two daughters by a former marriage.

Charles C. Dierdorff, the insured, and Hilma Dierdorff were married in 1921. The insurance policy in question was issued in 1926. It named Mrs. Dierdorff as beneficiary and no change of beneficiary was ever made. A month after the policy was issued the insured handed the policy to his wife and told her she could have it if she kept up the premiums. Thereafter, she retained the policy in her possession and paid the monthly premiums partly from community funds and partly from money which was her separate property. The parties separated on October 22, 1935, and Mrs. Dierdorff immediately filed an action for a divorce. On November 9, 1935, the parties signed a property settlement agreement which made no mention of the policy and which contained no reference to any community property. An interlocutory decree of divorce was granted the wife on November 25, 1935, and a final decree was entered on December 2, 1936, neither of which referred to this insurance policy. Mrs. Dierdorff continued to pay the monthly premiums on this policy until

the death of the insured on November 24, 1938. He had not remarried and had not changed or attempted to change the name of the beneficiary under this policy.

The court found in all respects in favor of the divorced wife and awarded her the proceeds of this insurance. The daughters of the insured by the former marriage, who had filed a complaint in intervention, have appealed from the judgment which was entered. The divorced wife will be referred to as the respondent.

While the equities would appear to be entirely on the side of the respondent, the appellants contend that certain provisions of the by-laws of the two fraternal insurance associations and certain statutes prevent her recovering the proceeds of this policy. They rely on several sections of the Iowa code. One of these provides that a certificate may not be issued by a fraternal association unless the beneficiary named therein is the wife or another of the designated relatives of the insured. Other sections provide that the insured shall have the right to change his beneficiary from time to time, and that no beneficiary shall have a vested interest in the benefit until the same has become due and payable upon the death of the insured. Another section provides that no contract between a member and his beneficiary to the effect that the beneficiary shall pay the premiums shall deprive the insured of his right to change the name of the beneficiary.

The appellants also rely on sections 11111, 11114 and 11121 of the Insurance Code of this state. The first of these provides that where a member has a family only his wife and certain designated relatives may be made beneficiaries. The second provides that a beneficiary shall have no vested interest in the benefits provided for until the same become due and payable, and that the member may change the beneficiary in accordance with the laws, rules and regulations of the society. The third provides that the constitution and laws of the society may provide that the same shall not be waived by its subordinate officers or members.

The appellants further rely on certain by-laws of the original association which issued this policy and of the Iowa association into which it was merged. The original association had a by-law naming certain relatives, including a wife, who might be made beneficiaries and providing that these persons ''and none other, except as hereinafter provided, may

be named as beneficiaries in the benefit certificates.'' Another section provided that, in the event of the death of all beneficiaries named by a member and if he has made ''no other or further disposition thereof,'' the benefit shall be divided equally among his widow and children. Another by-law provided:

''Divorce of beneficiary. In the event of the divorce of a member from the member's husband or wife named as beneficiary, and if no other designation shall have been made, the proceeds of the certificate shall be paid in the same manner as if the divorced wife had died before the member and no new designation had been made.''

The Homesteaders Life Association had a by-law which provided, so far as material here: (1) that where a named beneficiary died before the insured and no other beneficiary had been designated the proceeds should be paid to the wife, if there was one, otherwise to the children of the insured; (2) ''In the event benefits are made payable to the wife or husband of a member, and they be subsequently divorced from each other and no new designation of beneficiary made, the payment of death benefits shall be made as if the divorced beneficiary had predeceased the member and no new designation had been made;'' (3) that in the event any beneficiary shall be ineligible under the laws of the society to take the benefits otherwise due such benefits shall be paid to the remaining beneficiary or, if none, to the children of the insured.

The appellants' main contention is that these statutes and by-laws prohibited this respondent wife from receiving the benefits of this insurance; that under the statutes she was not eligible to be a beneficiary; that under the by-laws her position is the same as if she had died before the insured; that this situation could not be altered by any agreement between the insured and the respondent, or by any gift of the policy from him to her; and that these statutes establish a public policy under which a divorced wife may not be permitted to receive the benefits of such a policy or certificate.

 The statutes referred to provide that no person shall be named as beneficiary in such a certificate unless he or she be a relative of the insured within the classes named, which include a wife. They also are quite liberal in giving the insured the right to change the beneficiary. Nothing in

these statutes specifically makes a wife who has been named as beneficiary ineligible to remain such after a divorce has been granted. The respondent was eligible under these statutes to be named as beneficiary at the time the certificate was issued and no change of beneficiary was ever made by the insured. We see nothing in these statutes which would prevent a wife who has been named as beneficiary in such a certificate from continuing as such after a divorce, where no other beneficiary is named by the husband. (*Courtois* v. *Grand Lodge A. O. U. W.*, 135 Cal. 552 [67 Pac. 970, 87 Am. St. Rep. 137]; *Sullivan* v. *Union Oil Co. of Cal.*, 16 Cal. (2d) 229 [105 Pac. (2d) 922].) This would be true, for example, where the divorce decree awarded her that right as a part of her share of the property rights of the parties, or where she is given continuing rights in the policy by agreement with her husband, and especially when she herself makes the benefits available by keeping up the premium payments. There is nothing in such a situation which is against public policy. The rights of wives and the obligation of husbands to contribute to their support after divorce are well recognized in our laws. These rights are often protected by liens upon the husband's property and almost anything may be subjected thereto, including property rights in insurance policies. While the court made no such order in the instant case there is nothing in our public policy which would prohibit this husband from continuing his divorced wife as the beneficiary under this certificate.

This was not a case where the individual respondent was merely a beneficiary under the policy without any other interest therein or claim thereto. While she was, and remained to the end, the named beneficiary she also had an interest because part of the premiums were paid from community property. The fact that she could have no vested interest until the death of the insured would not prevent her having an interest which is recognized in law. Moreover, the insured had an interest in the policy which he had given to this respondent on the condition that she keep up the premiums. While he may have had the right to thereafter change the beneficiary he did not do so. Since he made no such change his gift to the respondent and her subsequent payment of the premiums would give her at least equitable rights in the proceeds which are not defeated by any pro-

vision of the policy or by any statutes which are called to our attention. (*Shoudy* v. *Shoudy*, 55 Cal. App. 344 [203 Pac. 433]; *Jory* v. *Supreme Council*, 105 Cal. 20 [38 Pac. 524, 45 Am. St. Rep. 17, 26 L. R. A. 733]; *Grimbley* v. *Harrold*, 125 Cal. 24 [57 Pac. 558, 73 Am. St. Rep. 19].) In the last case cited, the court said:

"Decisions of the courts of other states differ regarding the effect to be given to the contract of a member in societies such as the Ancient Order of United Workmen, whereby he assumes to dispose of his interest in the beneficiary fund of the order—virtually the proceeds of a policy of life insurance; but the question is hardly an open one here—so strong have been the intimations of this court that such a contract, when valid and not in conflict with the lawful conditions upon which the order grants the insurance, is effectual as against the subsequent attempt of the member to violate or annul it; and this must be held to be the law."

In the instant case, the insured continued to recognize his understanding or agreement with the respondent, and made no attempt to change the beneficiary.

Aside from the considerations just mentioned we think the provisions of the by-laws relied upon do not compel the obviously unjust result sought by the appellants, under the facts of this case. The provisions in the two sets of by-laws, to the effect that where the insured and the beneficiary are divorced and no other designation has been made the proceeds shall be disposed of as if the divorced beneficiary had predeceased the insured, seem to have been intended to cover a situation where no provision has been made by the insured with respect to the rights of the beneficiary under their changed status, and where the husband continues to pay the premiums but overlooks the matter of changing the beneficiary. In such a case the by-law provisions which are a part of the insurance contract apply and govern, and the divorced wife has no rights, equitable or otherwise.

It is to be noted, however, that these provisions are to apply, in the event of a divorce, only where no other designation has been made. The language used is significant. The whole matter is conditioned not upon the necessity for a different beneficiary, but upon whether there has been a new designation. In other words, in the event of a divorce this by-law does not require a different beneficiary, either

by a change made by the insured or by its own operation. It merely provides that result in the absence of a new designation. The obvious purpose of a new designation is that the intent of the insured may be known. If the insured intends his divorced wife to continue as his beneficiary there is no occasion for his making a change, and the language used seems to have been chosen with this in view. The other designation or new designation referred to may well be that of the divorced wife, in the nature of a confirmation of his existing beneficiary, rather than the naming of a new and different one. Moreover, no such formalities are provided as those required in making a change of beneficiary. All that is required is that there be a new designation, with nothing said as to just how or when it is to be made. The usual and common meaning of ''designation'' is ''a pointing out; an indication.'' Under the language used anything which discloses an insured's intention to continue his wife as his beneficiary regardless of a divorce granted or about to be granted, and which is communicated by the insured to the insurer or its agents, should be considered a new designation under these by-laws, and sufficient to entitle the wife to the proceeds of the insurance where no other beneficiary has been named.

We think there was sufficient evidence of such other designation here. This insured had turned over the policy to his wife, telling her she could have it if she kept up the premiums. Knowing that she had done so and was doing so he made no claim to any rights under the policy in the property settlement agreement between them. He recognized her rights in it at all times and shortly before the divorce was granted he signed the papers to enable her to borrow about $900 on the policy. He demanded and received $200 of this money, not as a matter of right but because she could not get the loan without his signature. Two witnesses, who were consecutive local secretaries or clerks of the respondent association and to whom the monthly premiums on this policy were regularly paid, testified that the insured, after he had separated from his wife and just before the divorce was granted, stated to them that he and his wife had separated and that ''she can have the policy if she keeps the payments up on it.'' After the divorce was granted the respondent continued to pay the premiums and during the ensuing years

and up until his death the insured accepted that situation and made no attempt to change his beneficiary. We think it sufficiently appears that an ''other designation'' was made by the insured after the separation of the parties and in connection with the divorce proceeding, by which he renewed his intention to designate or redesignate the respondent as his beneficiary under this policy and his intention to have her continue as such beneficiary. The court's finding that there is nothing in these provisions of the by-laws to prevent the respondent from receiving the proceeds of this policy is supported by the evidence.

Under the statutes the respondent was within the class of permitted beneficiaries when the policy was issued. Nothing in these statutes or in our public policy prevents her continuing as such beneficiary after the divorce. And the by-laws in question do not purport to change this situation, or add any impediment to her redesignation as the beneficiary. At the time she was made beneficiary she was eligible therefor, and the new designation expressed the insured's desire that she remain his beneficiary. This was merely a confirmation of her position and not a new appointment of a beneficiary at a time when she was not eligible.

The appellants further contend that certain testimony given by the respondent with respect to certain statements made to her by her husband during coverture was inadmissible under section 1881 of the Code of Civil Procedure. The witness was not being examined for or against her husband, and no provision of that section was violated. Moreover, the testimony in question was largely immaterial in view of the other evidence and the views we take on the main question presented. It is further argued that the court erred in permitting the two agents of the respondent association to testify as to what was said to them by the insured. It is contended that this testimony was hearsay because the statements were not made to the respondent. The statements in question were not hearsay but were statements of the deceased against his own interest and no valid objection to their admissibility is here raised.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.